CHARLES I. GOLDMAN, as Treasurer of the INTERNATIONAL POCKET-
BOOK WORKERS UNION, Respondent, v. JOSEPH COHEN and Others,
Copartners, Doing Business under the Firm Name and Style of
COHEN BROS. & BERMAN, Appellants.

First Department, March 2, 1928.

Trade unions — lockout — action by labor union to restrain defendants
from violating certain provisions of contract between plaintiff and
defendants — contract stipulated that plaintiff would furnish necessary
union labor to defendant, and prohibited lockout or strike — plaintiff
is entitled to equitable relief — plaintiff cannot have defendants
restrained from moving plant.

The plaintiff, a labor union, is entitled to injunctive relief against the defendants,
employers of union labor, restraining the defendants from violating a contract
entered into between the parties whereby the defendants agreed to hire union
labor to be supplied by the plaintiff and not to order a lockout pending a
determination of any grievances. The complaint alleges that the defendants
are conspiring to violate the terms of the contract by threatening a lockout and
the opening of a non-union shop, and that in pursuance thereof the defendants
are about to move their plant to another place, that the plaintiff has offered
to furnish the necessary union labor to the defendants and that said offer was
rejected by the defendants. The plaintiff is entitled to an injunction *pendente lite.*

The plaintiff, however, is not entitled to an injunction restraining the defendants
from removing their plant to another location.

The injunction granted below is too broad in that it restrains the defendants
from violating any of the terms of the contract. It is not every violation of a
contract that will justify the court in granting injunctive relief.

APPEAL by the defendants from two orders of the Supreme Court,
entered in the office of the clerk of the county of New York on the
13th and 26th days of January, 1928.

*I. Maurice Wormser* of counsel [*Schafran, Rollins, Kirshbaum
& Topper,* attorneys], for the appellants.

*Jonah J. Goldstein* of counsel [*David Goldstein* with him on the
brief; *Goldstein & Goldstein,* attorneys], for the respondent.

FINCH, J. Plaintiff is a labor union; the defendants, a partnership
engaged in the business of manufacturing pocketbooks. On
August 2, 1926, the union, acting for and on behalf of its members,
and pursuant to due authority from them, entered into an agree-
ment in writing with defendants, the pertinent terms of which
provide for the hours of labor, the wages of employees, the adjust-
ment of disputes between employees and employer, and further,
the union agreed for its members that they would work for defend-
ants under said contract, and the defendants agreed to employ only
members of the union and the union agreed to furnish the defend-

ants with such operators as they required in their business. Clause 39 of the agreement reads as follows: " 39. It is further agreed that there shall be no strike or lockout pending the determination of complaints or grievances hereunder throughout the entire period of this contract."

The agreement was to endure until the 1st day of August, 1929. The plaintiff claims that while the contract was in force the defendants expressed their intention to conduct a non-union shop and to remove their plant from Manhattan to Lynbrook, L. I. The plaintiff offered to furnish such union labor in Lynbrook as the defendants needed, which offer the plaintiff claims was rejected. The plaintiff thereupon commenced an action upon the ground that the defendants were conspiring to violate the terms of the contract by threatening to lock out the union workers employed by the defendants and that, pursuant to this purpose, the defendants intended to shut down their plant in Manhattan and to move the same to Lynbrook. The plaintiff further moved for an injunction restraining the defendants *pendente lite* from transferring their plant to and carrying on their business at Lynbrook, and from locking out any workers employed by the defendants on account of membership or affiliation with the plaintiff. The Special Term first granted the motion to the extent only of enjoining the defendants from locking out, discharging or discontinuing the employment of any workers employed by the defendants on account of membership in or affiliation with the plaintiff union. Upon a motion for resettlement, the following additional provision was added to the order: " Ordered that the defendants are enjoined from in any way breaching the terms of the aforesaid agreement, entered into between the plaintiff union and the defendants, under date of August 2, 1926." From both orders the defendants appeal.

The making of the contract being conceded and upon this record the same subsisting in full force and effect, the plaintiffs are entitled, pending the trial of the action, to injunctive relief for the protection of such of their rights as are threatened and the violation of which will produce irreparable damage. Usually in the past it has been the employer who has sought the help of the courts for the protection of his rights, but obviously the same principles of law apply equally to both employer and labor union. Where a strike is threatened by a labor union in violation of its contract with an employer, the right of a court of equity to issue an injunction to prevent such contractual violation is well settled. In *Grassi Contracting Co.* v. *Bennett* (174 App. Div. 244) the court said: " Where a strike, or other action, is threatened by a labor union in viola- tion of its contract, or of the contract of its members with thei:

employers, the jurisdiction of a court of equity to issue an injunction is well recognized (*Reynolds* v. *Davis*, 198 Mass. 294; *Folsom* v. *Lewis*, 208 id. 336; *National Protective Assn.* v. *Cumming*, 53 App. Div. 227; affd., 170 N. Y. 315; Cooke Combinations, Monopolies, Labor Unions [2d ed.], § 67 and cases cited. See, also, *Hitchman Coal & Coke Co.* v. *Mitchell*, 202 Fed. Rep. 512) * * *. It is perfectly lawful to organize to advance or to maintain a scheduled rate of wages, and to call a strike for those purposes, where no contract rights are violated."

Likewise where an employer is threatening to order a lockout of his employees in violation of his contract with the labor union in behalf of the employees, the right of a court of equity to prevent such contractual violation is necessarily measured by the same principle. (*Schlesinger* v. *Quinto*, 201 App. Div. 487.) In both cases an injunction should issue where there is no adequate remedy at law and the damages are irreparable. In the case of the employer seeking the injunction to prevent a strike of his employees in violation of a contract, such inadequacy of his remedy at law is well established. Likewise this court in a recent case has squarely held that where an employer threatens a lockout in violation of a contract between the union and the employer, such union and the employees have not an adequate remedy at law. On behalf of a majority of the court, it was there said: " It is clear that damages to the individual employee would not afford an adequate remedy in the case under consideration." (*Schlesinger* v. *Quinto, supra.*) In the case at bar there are no individual contracts and the union insists that the employees have no individual actions. Section 26 of the contract in the case at bar provides: " 26. No individual contracts shall be entered into by the employer with any of his workers, * * *." Whether the union may collect damages on behalf of the employees and what is the true measure of the damage to the union, it is not necessary to decide since, for the purposes of this decision, it is certain that the union has more at stake to preserve under this contract than the sum of the damages occasioned by the unlawful discharge of all of the members of the union, assuming that such damages may be recovered by the union. If the union has not the right to invoke the aid of a court of equity to prevent the unlawful violation of a contract such as exists in the case at bar, then such a contract loses most of its force and the rights of collective bargaining are narrowed, and the economic benefits to the community from collective bargaining to a great extent lost. The plaintiff, therefore, is entitled to restrain the defendants from breaching their contract in the respects which this record shows is threatened, namely, from ordering a lockout

of the members of the union because of such membership therein and from refusing to employ in accordance with defendants' needs, such members as are sent by the union pursuant to the terms of the contract. The plaintiff is clearly not entitled to enjoin the defendants from removing their factory to Lynbrook. The contract in no way purports to restrict the defendants as to the location of their plant.

The order, however, as resettled is much too broad in enjoining the defendants from breaching any of the terms and provisions of the very long and complicated agreement between the parties. It is not every breach of a contract which a court of equity will enjoin. Only in so far as it is shown that the particular breach has been threatened and that the remedy at law is inadequate and the damages irreparable, will a court of equity intervene. This is the rule applied in the case at bar. It follows that the resettled order must be modified.

The resettled order should, therefore, be modified so that the same shall enjoin the defendants during the pendency of the action from locking out or threatening to lock out, discharging or discontinuing employment of any workers employed by the defendants on account of membership in or affiliation with the said International Pocketbook Workers Union and from refusing to employ as needed workers sent by the union at the defendants' factory in Lynbrook, and as so modified affirmed, without costs. The appeal from the original order of January 12, 1928, should be dismissed.

Dowling, P. J., Merrell, McAvoy and Proskauer, JJ., concur.

Order as resettled modified as stated in opinion and as so modified affirmed, without costs. Appeal from original order of January 12, 1928, dismissed. Settle order on notice.       .