[S. F. No. 13577. In Bank.—October 30, 1930.]

WALTER A. WEBER et al., as Members of Musicians Union of San Francisco, etc., Appellants, v. WILLIAM J. NASSER et al., Respondents.

Aaron Sapiro, Milton D. Sapiro and Sapiro & Hayes for Appellants.

Nat Schmulowitz, George B. Harris, Gavin McNab and Schmulowitz, Wyman, Aikins & Brune for Respondents.

Brobeck, Phleger & Harrison and George O. Bahrs, *Amici Curiae* on Behalf of Respondents.

THE COURT.—The sole question involved in this cause has become moot and for that reason the appeal must be dismissed. This arises from the following facts:

Plaintiffs, as members and on behalf of the Musicians Union of San Francisco, Local No. 6, American Federation of Musicians, and all of the members thereof, said organization having for its purpose the regulation of prices, business and working conditions in the musical profession, brought this suit against certain individuals and corporations identified with what is known as the Allied Amusement Industries of California, to enjoin a breach and enforce the terms of a certain collective bargaining agreement with reference to labor, entered into in writing by said parties on September 30, 1928, and by its terms to terminate on August 31, 1930.

The court below adjudged said contract to be one involving personal services and, therefore, not subject to specific enforcement, hence not one for an injunction to prevent its breach; declined the relief prayed for; sustained a demurrer to the complaint without leave to amend and later, on June 14, 1929, gave a judgment of dismissal of the action. Notice of appeal to this court was filed by plaintiffs on June 19, 1929. Hearing on appeal was hastened and the cause was submitted to this court on July 3, 1930.

Upon examination of the record we find that any order we might make would be futile, as the contract, by its terms, expired on the above-mentioned date and plaintiffs' cause of action in no event could avail them anything. We have not overlooked the importance of the issue involved, but we must adhere to our long-established rule to the effect that this court does not pass judgments which can have no practical effect.

It is not necessary, of course, to add that in granting a hearing of this case after the decision by the District Court of Appeal, we neither approved nor disapproved the views announced by that court. A hearing in this court sets the entire cause at large and the matter stands as though no decision of any kind has been rendered therein by any reviewing court.

Precedents for our conclusion—appeals where the questions have become moot—are numerous and the citation of authorities is unnecessary. We nevertheless call attention

to the following among numerous cases announcing a like rule: *Guardianship of Ambrose*, 170 Cal. 160 [149 Pac. 43]; *Stuart Arms Co.* v. *San Francisco*, 203 Cal. 150 [263 Pac. 218]; *Childress* v. *L. Dinkelspiel Co., Inc.*, 203 Cal. 262 [263 Pac. 801].

The appeal is hereby dismissed without costs to either party.

Rehearing denied.