WILLIAM ENGELKING, Etc., Plaintiff, *v.* INDEPENDENT WET WASH Co., INC., and Others, Defendants.

Supreme Court, Kings County, August 25, 1931.

*Kopp, Markewich & Null* [*Samuel Null* and *Arthur K. Garfinkel* of counsel], for the plaintiff.

*Meier Steinbrink* [*Benjamin Heller* and *Meier Steinbrink* of counsel], for the defendants.

DODD, J. This is a motion for a temporary injunction requesting that the defendants be enjoined from violating and combining and conspiring to violate various of the essential terms of a written contract between the plaintiff union and the defendant employers,

in which it is provided that the defendant owners employ members of the plaintiff union at a certain basic wage. The plaintiff contends, in substance, that the defendants have breached and violated the contract by promulgating and enforcing a new schedule of wages lower than that provided for in the contract, have discharged a number of employees, members of the plaintiff union, and have employed non-union substitutes. Although the plaintiff's claims are categorically denied in many instances, there is no gainsaying fact that the new wage scale has been adopted and promulgated and that many members of the plaintiff union have been discharged, and that non-union substitutes are now employed. The attempted justification is not convincing, and I am satisfied that plaintiffs are entitled to the relief sought on the facts. However, the defendants insist that as a matter of law the plaintiff is not entitled to relief, in view of the fact that the contract itself contains an arbitration clause which must be availed of before the intervention of the court can be sought. Paragraph 23 of the contract provides as follows: " Should any dispute, question or difficulty arise in regard to the construction of this agreement or the meaning of any part thereof, or any question between the firm and the union with reference to matters contained in paragraph 9 herein or elsewhere, there shall be no stoppage of work until the dispute shall have been determined by arbitration, as herein provided. If the representatives of the firm and the union are unable to agree, the matter of dispute shall be submitted to a board of arbitration, consisting of a representative of the union and a representative of the firm. In case the arbitrators are unable to agree the dispute shall be decided by any umpire agreed upon by the arbitrators, and the decision of said umpire shall be final and binding upon all parties, and in no event shall there be a stoppage of work, and the union undertakes and agrees that it will not call any strike, until if and unless the firm shall fail to comply with the decision of the umpire. A demand to arbitrate shall be forwarded to the firm or the union, as the case may be, by registered mail. In the event of the refusal of the firm or the union to arbitrate in pursuance to this agreement, then and in that event the firm or the union, as the case may be, shall forfeit the right to arbitration as herein provided." Paragraph 9, referred to in paragraph 23, is concerned with the discharge of employees, the training of replacements, and the matter of a hearing of charges against an employee.

Limiting this discussion to a consideration of the question of the imposition of a new wage scale, a fact that is not denied, and considering the arbitration provision of the contract with reference to this fact, it is apparent that the defense lacks merit. The imposi-

tion of the new wage is not the result of any construction of the agreement which might be properly referable to arbitrators, nor can it be considered a dispute in any sense. It represents a clear-cut breach of a fundamental, essential element of the original contract. Indeed, the wage to be paid and the employment of members of the plaintiff union were the essential inducements that led to the contract, and it seems to me that once the contract was executed the disputes that might arise thereunder would be the product of the fulfillment of the contract. The entire arbitration provision, read in the light of the contract and practically applied, concerns itself with disputes regarding employees, their retention or discharge, their routes and general conduct, and matters of kindred nature. It does not seem to me that it can be said that the parties contemplated that any dispute could arise concerning the fact that union employees of the plaintiff were those to be hired by the defendants, or that those employees were to be paid a wage that is set forth in the contract in clear and unmistakable terminology. It cannot be said that an arbitration clause can be availed of during the performance of a contract to correct a mistake of bargaining that renders the contract profitless. Moreover, I am constrained to believe that the defendants by their own conduct have deprived themselves of the right to assert the claim that recourse must be had to arbitration before the aid of this court can be sought in view of the fact that the defendants changed the wage scale, discharged members of the plaintiff union, and employed non-union substitutes, all without recourse to the very arbitration clause now asserted, when in fact the defendants themselves were the active instrumentalities in seeking a change under the contract on which they now rely for the arbitration clause. I feel that the plaintiffs have established a clear-cut right to invoke the jurisdiction of this court, and that unless a temporary injunction is granted irreparable injury will result to the plaintiff.

Accordingly, the motion for temporary injunction is granted. Settle order on notice.