[Civ. No. 6895. Third Dist. July 10, 1943.]

JOHN MONTALDO et al., Respondents, v. HIRES BOT-TLING COMPANY (a Corporation), Appellant.

644

Downey, Brand & Seymour for Appellant.

W. H. Metson, P. H. McCarthy, Jr., and F. Nason O'Hara for Respondents.

THOMPSON, J.—The defendant, Hires Bottling Company, has appealed from a judgment enjoining it from violating the provisions of a collective labor agreement which it entered into with Bottlers Local Union No. 293 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Branch No. 2, regulating the employment, wages, hours and services of workmen hired by the bottling corporation. The decree enjoins the defendant from employing workmen except through the agency of Bottlers Local Union No. 293, who are members of that union in good standing. The judgment also contains a mandatory injunction requiring the defendant to discharge all employees who were not hired through the agency of that union, and those who are not members thereof in good standing.

It is asserted the motion for new trial was erroneously denied. The appeal is presented on the judgment roll only.

The evidence is not before this court, with the exception of the affidavits which were presented on the motion for new trial.

The appellant contends the collective labor agreement may not be enforced on account of a failure of consideration; that the contract is void because it was breached by the conduct of the business agent of the union in inciting defendant's employees to acts of disloyalty and sabotage; that the court erred in failing to adopt findings on a material issue, and that the contract terminated before the judgment was rendered.

Bottlers Local Union. No. 293 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Branch No. 2, is an unincorporated union labor organization which was affiliated with the American Federation of Labor until October 6, 1941, when its charter was suspended. John Montaldo was the business agent of Local Union No. 293. The defendant is a corporation which is engaged in the business of bottling and marketing soft drinks. September 10, 1940, the defendant executed a written collective bargaining labor contract with the local Bottlers Union by the terms of which the defendant agreed to employ through the agency of that labor union only workmen who are members thereof in good standing. The defendant also agreed to pay specified wages and to abide by prescribed rules with respect to hours of service and employment. Among the stipulations contained in the contract it was provided that ''No members shall be discriminated against or discharged for upholding Union principles.'' It was also provided that the agreement should remain in force until May 15, 1943, and to May 15, 1944, unless a notice of termination or modification thereof was served thirty days before the first-mentioned date.

The complaint for injunction is couched in four counts. It alleges that the defendant wrongfully discharged union labor workmen on or about April 4, 1941, contrary to the terms of the written agreement, for the reason that they were advocating and upholding union labor principles, and that the defendant hired other workmen who were not members in good standing of the Local Union No. 293. The answer admits the execution of the contract but denies the remaining material allegations of the complaint. The court adopted findings determining the validity of the contract; that the defendant did lay off and discharge employees hired through the agency

of said Local Union, who were members of that organization in good standing, and employed other workmen who were not hired through the agency of the union; "that the discharge of the said employees of defendants was justified," but that it is not true the members of the union committed sabotage or "befouled said product with foreign . . . substance" or "slowed down production" as charged in the answer. As conclusions of law the court found that the defendant breached the terms of the collective labor agreement. Judgment was accordingly rendered directing the issuance of an injunction as previously stated. From that decree this appeal was perfected on the judgment roll alone.

██ Since the appeal is presented on the judgment roll only, and the evidence is not before this court, we are confined to a determination of the questions as to whether the complaint states a cause of action; whether the findings are within the issues; whether the judgment is supported by the findings and whether reversible error appears upon the face of the record. (*Carpenter* v. *Pacific Mutual Life Insurance Co.*, 13 Cal.2d 306, 316 [89 P.2d 637]; *Merron* v. *Title Guarantee & Trust Co.*, 45 Cal.App.2d 60 [113 P.2d 481]; *Lincoln* v. *Averill*, 47 Cal.App.2d 335, 338 [117 P.2d 913].) ██ The findings should receive a liberal construction to uphold rather than to defeat the judgment. (*Goldberg* v. *List*, 11 Cal.2d 389, 394 [79 P.2d 1087, 116 A.L.R. 900].)

We are of the opinion the complaint states a cause of action authorizing the issuance of an injunction as prayed for, that the findings support the judgment, that the findings adequately determine all of the essential issues of the pleadings, and that reversible error does not appear on the face of the record. The answer does allege that defendant's employees were discharged, or laid off, on account of their acts of sabotage consisting of retarding or slowing down production and befouling and damaging products by injecting therein foreign and noxious substances rendering them "unfit for human consumption." It will be observed the answer does not charge the labor union, or its agents, with instigating or encouraging such wrongful acts of sabotage or with polluting the products.

██ If the agents of the union, acting within the scope of their authority, were guilty of such conduct it might constitute a breach of the contract which would justify rescission of the agreement. (63 C.J. 675, sec. 30; 31 Am.Jur. 976, sec. 288.) The agents were not charged with that conduct, and, in the

absence of the evidence, we must assume they were not guilty of instigating sabotage. If the employees were guilty of such conduct, we may assume it would justify their discharge on that account. But the court specifically found that "members of plaintiff union while in the employ of defendant" did not perform those acts of sabotage or pollution of the products. We must also assume that finding is supported by the evidence. It is true that the court further found "that the discharge of the said employees of defendant was justified." The court does not direct the defendant to reinstate them. On the contrary, the court specifically enjoins the plaintiffs from attempting to procure the reinstatement of those discharged workmen. The court, however, does find that the defendant employed workmen who were not hired through the agency of the labor union, and who are not members in good standing of that organization. The court then directed the defendant to discharge all such last-mentioned employees and to refrain from hiring other workmen contrary to the provisions of the collective labor agreement.

The findings that the defendant was justified in discharging employees, and on the other hand that they were not discharged or laid off on account of their acts of sabotage or pollution of the products are not necessarily conflicting. In support of the judgment we may assume they were discharged on account of a lack of business or because they were physically or otherwise unable to perform their duties, and not because they were guilty of sabotage.

The trend of modern authorities authorizes the enforcement of injunctive relief to prevent an employer from violating the terms of a collective bargaining labor contract executed with a duly authorized labor union, in which instrument the employer agrees to hire workmen only through the agency of the labor union from its members who are in good standing, so long as they are competent and available, when there is no intent to thereby injure the members of other unions or to contravene public interests. (Sec. 1126, Labor Code, enacted in 1941; *Ribner* v. *Racso Butter & Egg Co.,* 135 Misc. 616 [238 N.Y.S. 132]; *Goldman* v. *Cohen,* 222 App.Div. 631 [227 N.Y.S. 311]; *Engelking* v. *Independent Wet Wash Co.,* 142 Misc. 510 [254 N.Y.S. 87]; *Roosevelt Amusement Corp.* v. *Empire State Motion Picture Operators Union,* 144 Misc. 644 [258 N.Y.S. 240]; *Leveranz* v. *Cleveland Home Brewing Co.,*

24 Ohio N.P. (N.S.) 193; 95 A.L.R. 49, note; 31 Am.Jur. 879, sec. 118.) Section 1126 of the Labor Code reads:

"Any collective bargaining agreement between an employer and a labor organization shall be enforceable at law or in equity, and a breach of such collective bargaining agreement by any party thereto shall be subject to the same remedies, including injunctive relief, as are available on other contracts in the courts of this State."

 The appellant challenges the validity of the collective labor agreement in this case on account of an alleged lack of consideration and for want of mutuality, chiefly because the charter by means of which the respondent union was affiliated with the American Federation of Labor was suspended October 6, 1941, after the execution of the contract in question: It is asserted that the principal consideration which passes to an employer from the labor union in a collective bargaining agreement is the promise of industrial peace and freedom from labor disturbances so as to increase the employer's prospect of conducting a successful business. It is contended that the suspension of the charter of the respondent union created a failure of consideration by depriving it of the ability to render the services necessary to a fulfillment of the contract. We must concede that an important consideration for collective bargaining with a labor union with respect to workmen, wages, hours and employment, is to secure freedom from labor disturbances. If the defendant contracted with Bottlers Local Union No. 293, with the mutual understanding that it was to thereby secure the cooperation of the American Federation of Labor, and the charter of the local union was thereafter suspended without fault on the part of the defendant, then that change of relationship might constitute a partial failure of consideration, provided it was shown to have been detrimental to the defendant.

No adequate showing of such failure of consideration appears in the present case. The collective labor agreement was not made with the American Federation of Labor. That organization is not mentioned in the contract. It does not appear from the agreement that the contracting parties contemplated the affiliation of the local union with the American Federation of Labor. That contract appears to have been confined solely to a relationship between the defendant and Bottlers Local Union No. 293 of the International Union of

United Brewery, Flour, Cereal and Soft Drink Workers of America, Branch No. 2. When a contract is reduced to writing the intention of the parties is generally ascertained from the writing alone. (Sec. 1639, Civil Code.) In the absence of fraud, the written contract supersedes all previous negotiations between the parties. (Sec. 1625, Civil Code.) Fraud on the part of the local union was neither alleged nor proved in this case. The respondent local union was and is an unincorporated labor union separate and distinct from the American Federation of Labor. The local union is still engaged in business independently of the American Federation of Labor. In its separate identity it had the authority to contract with the defendant upon the subject of union labor workmen's wages, hours and services to be performed according to the terms of the agreement. We are therefore of the opinion the suspension of the charter of the local union by the American Federation of Labor did not constitute a failure of consideration under the circumstances of this case.

In the absence of particular detrimental acts, conduct or circumstances in violation of the terms of a collective labor agreement, it has been frequently held that contracts similar to the one which is involved in this case are valid as against ordinary claims of lack of consideration or want of mutuality. (*Gates* v. *Arizona Brewing Co.*, 54 Ariz. 266 [95 P.2d 49]; *Rentschler* v. *Missouri Pac. R. R. Co.*, 126 Neb. 493 [253 N.W. 694, 95 A.L.R. 1]; 31 Am.Jur. 875, sec. 104; *Weber* v. *Nasser,* (Cal.App.) 286 P. 1074; 95 A.L.R. 21, note.)

It is true that the hearing before the Supreme Court, after decision by the District Court of Appeal, in the Weber case, *supra,* was dismissed on the ground that the issues became moot because the contract which was there involved expired before the Supreme Court was able to pass upon the hearing. (*Weber* v. *Nasser*, 210 Cal. 607 [292 P. 637].) We cite the opinion which was rendered in that case as it appears in the Pacific Reporter because it contains an excellent review by the late Presiding Justice Tyler of the cases showing the change which has taken place, as indicated by modern decisions with respect to the application of injunctive relief to enforce the provisions of collective labor agreements between an employer and a union labor organization regarding the

wages, hours and services of workmen. That opinion also considers the subjects of consideration and mutuality of the contracting parties, which issues are involved in this case. While it is true the Supreme Court neither approved nor disapproved the conclusions in that opinion, it is worthy of consideration. An excellent and exhaustive brief on nearly every issue which is presented on this appeal may be found in 95 A.L.R., pages 10 to 56 thereof.

We are of the opinion there is no substantial merit in appellant's contention that because the issues "will become moot before this case can be decided," since the written agreement provides that it may be terminated by the serving of a thirty day notice therefor prior to May 15, 1943, equity should not intervene. In support of that assertion the appellant cited the Weber case, *supra*. In that case the contract terminated on August 31, 1930. The hearing before the Supreme Court was submitted July 3, 1930. The Supreme Court was unable to reach that case for determination until October 30, 1930. In the meantime the contract expired. The court properly said that "any order we might make would be futile." That appeal was therefore dismissed on the ground that the issues had become moot.

The present case presents quite a different situation. The contract in the present case has not yet expired. Apparently it will not expire until May 15, 1944. Section 13 of the agreement provides that "It is hereby expressly agreed upon and understood that this agreement shall be, and it is hereby renewed and extended in full force and effect to the fifteenth (15th) day of May 1944," in the absence of a notice for modification or termination thereof, served at least thirty days prior to May 15, 1943. There is no evidence that such notice was given. It is not contended that notice was served. We must assume no such notice was given. The contract is therefore in full force and effect.

Under circumstances similar to those which exist in this case, it has been held that a collective labor agreement will be deemed to have been automatically renewed and extended to a specified date as provided by the contract, upon failure to give a specifically required notice of termination. Under such circumstances some affirmative showing is necessary on the part of the employer to terminate the contract. (*Leveranz* v. *Cleveland Home Brewing Co., supra;* 95 A.L.R. 54, note; 31 Am.Jur. 875, sec. 103.)

We therefore conclude that the issues of this case have not become moot, and that there is no reason on that account why the injunction may not be lawfully enforced.

■ We may not hold that the trial court abused its discretion in denying defendant's motion for a new trial. That motion was made chiefly on the ground of newly discovered evidence. It was presented on affidavits and counter-affidavits of the respective parties. On the issue of alleged acts of sabotage and pollution of the products by the defendant's employees, and alleged encouragement or inducement for such conduct on the part of the local union or its agents, the averments are conflicting. Moreover, we are of the opinion the appellant's affidavit in that regard fails to show due diligence as an excuse for not presenting that evidence at the trial of the case. (20 Cal.Jur. 84, sec. 59.)

■ There is merit in the contention that, under proper circumstances, there might have been a failure of consideration for the contract when the charter of the local union in affiliation with the American Federation of Labor was suspended October 6, 1941, after the trial of this case was concluded. However, we are of the opinion the trial court properly assumed that was not a proper issue at the trial or on motion for new trial, because, as we have previously said, affiliation with the American Federation of Labor was not contemplated by the parties under the terms of the collective labor agreement.

■ It has been uniformly held that the granting or refusal of a new trial on the ground of newly discovered evidence is so far within the sound discretion of the trial judge that the order of the court will not be disturbed on appeal except for a manifest abuse of discretion. (*Berkowitz* v. *Kiener Co.*, 37 Cal.App.2d 419, 427 [99 P.2d 578]; 2 Cal.Jur. 906, sec. 534; 20 Cal.Jur. 81, sec. 58.)

The judgment is affirmed.

Peek, J., and Adams, P. J., concurred.