**METAL POLISHERS, BUFFERS, PLATERS & HELPERS INTERNATIONAL UNION LOCAL NO. 90, A. F. OF L. v. RUBIN et al.**

Civ. A. No. 9659.

United States District Court
E. D. Pennsylvania.

Aug. 11, 1949.

Herbert H. Hadra, Philadelphia, Pa., for plaintiff.

John Arthur Brown, Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

The plaintiff, Metal Polishers, Buffers, Platers and Helpers International Union, Local No. 90, A. F. of L., brought this suit under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, in its own behalf and in behalf of its members, alleging in its complaint, in substance, that there was in effect between the parties a collective bargaining agreement, and that the defendants conspired and conceived a plan to violate the agreement, locking out members of the plaintiff union in furtherance of the plan, continuing to operate the plant with the help of employees not members of that union. The plaintiff asks for money judgment and injunctive relief. The defendants filed a motion under Section 3 of the Federal Arbitration Act, 9 U.S.C.A. § 1 et seq., asking for a stay of proceedings until arbitration had been had under a provision of the collective bargaining contract.

Under Section 3 of the Arbitration Act, this Court is authorized to grant a stay in any suit or proceeding brought upon any issue referable to arbitration under an agreement in writing for such arbitration, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." On the record as it now stands, however, I am not satisfied that there is an issue involved in the suit which is referable to arbitration. The defendant has filed no answer, but merely a motion to stay. A motion for a stay under Section 3 of the Arbitration Act satisfies the requirement of Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., Evans v. Hudson Coal Co., 3 Cir., 165 F.2d 970, and the word "issue" in the Act is very broadly interpreted, Donahue v. Susquehanna Collieries, 3 Cir., 138 F.2d 3, 149 A.L.R. 271. But in determining, on a motion for a stay, whether there is anything to arbitrate in the contract sued on, the Court must take the moving party's version of the issue. Shanferoke Coal & Supply Corp. of Del. v. Westchester Service Corp., 2 Cir., 70 F.2d 297, affirmed 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583. And here the moving party merely maintains that there is an arbitrable issue because of the existence in the contract of a broad-scope arbitration clause to the effect that

"any matter in dispute" between the parties shall be referred to arbitration.

However, Section 2 describes only three types of agreements covered by the Arbitration Act. One, an ad hoc agreement to arbitrate an existing dispute, is inapplicable here. The other two are agreements to arbitrate an issue arising out of the contract and to arbitrate an issue arising out of a refusal to perform the contract. Hence, despite the extremely broad scope of the arbitration clause contained in the contract between the parties herein, the Act itself contemplates narrower situations. To justify a stay under the Act, there must appear an arbitrable issue arising out of the contract or out of a refusal to perform it and not merely "any matter in dispute" between the parties. The defendant's assumption, therefore, that the existence of any dispute sufficiently grounds a stay, is erroneous.

But even giving fullest play to the breadth of the arbitration clause, it does not appear that there is an arbitrable issue. Indeed, for all that does appear, the defendant may put in issue the very existence of the contract itself. "The Arbitration Act does not cover an arbitration agreement sufficiently broad to include a controversy as to the existence of the very contract which embodies the arbitration agreement." Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978, 986. The item of damages for breach of a contract is normally arbitrable. Shanferoke Coal & Supply Corp. of Del. v. Westchester Service Corp., supra; Kulukundis Shipping Co. v. Amtorg Trading Corp., supra; Wilson & Co. v. Fremont Cake & Meal Co., D.C., 77 F.Supp. 364. However, under a labor agreement which expressly forbids strikes and lockouts pending the arbitration of disputes, it is not reasonable to suppose that damages resulting from a strike or a lockout were contemplated as the subject of arbitration. International Union, United Furniture Workers of America v. Colonial Flooring Co., Inc., 4 Cir., 168 F.2d 33. Thus, "any dispute" between the parties is subject to restrictive interpretation at its broadest. Since it does not cover every conceivable dispute between the parties, more is required of the plaintiff than the bare assertion of the existence of an arbitrable issue. I find no suggestion in the record which satisfies me of the existence of such an issue.

Further, it was held in Colonial Hardwood Flooring Co. v. United Furniture Workers of America, D. C., 76 F.Supp. 493, 496, affirmed 4 Cir., 168 F.2d 33 that because "The proper construction of the contract shows very clearly that the purpose of the arbitration provision was to prevent a strike, with the consequent stoppage of work, and not to arbitrate a strike after it had occurred, contrary to the express provisions of the contract." the arbitration clause was inapplicable to the dispute. This reasoning applies with equal force here with respect to a lockout, the contract expressly prohibiting both strikes and lockouts pending arbitration.

Accordingly, the motion for a stay of proceedings is denied.