**UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA et al.**

v.

**MILLER METAL PRODUCTS, Inc.**

**No. 6809.**

United States Court of Appeals, Fourth Circuit.

Argued June 16, 1954.

Decided Aug. 14, 1954.

---

1. Hereinafter called Midwest.

I. Duke Avnet, Baltimore, Md. (David Scribner, New York City, Basil R. Pollitt, Brooklyn, N. Y., and Avnet & Avnet, Baltimore, Md., on the brief), for appellants.

Bernard J. Seff, Baltimore, Md., for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and TIMMERMAN, District Judge.

PARKER, Chief Judge.

This is an appeal in an action brought by an employer under section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, to recover damages for breach of a no-strike clause in a collective bargaining agreement. The defendant unions made a motion to stay further proceedings in the case until arbitration could be had pursuant to the terms of the United States Arbitration Act, 9 U.S.C. §§ 1–14. The District Court denied the stay on the authority of this court's decision in International Union United Furniture Workers of America v. Colonial Hardwood Flooring Co., 4 Cir., 168 F.2d 33, in which it was held that a provision for arbitration in a collective bargaining agreement, very similar to the arbitration provisions relied on here, did not cover claims for damages on account of strikes, and that, at all events, the controversy fell within the exclusion clause of the arbitration act because it arose out of a contract of employment of workers engaged in interstate commerce. The union has appealed contending that the subject matter of the dispute is arbitrable under the collective bargaining agreement and that, in so far as the Colonial Hardwood case holds that contracts of this sort fall within the exclusion clause of the arbitration act, that case should be reconsidered and overruled.

■ We think that the District Judge was clearly right in holding that the claim for damages on account of breach of the no-strike clause of the contract is not covered by the arbitration clause. The provisions of the contract relating to arbitration are sections 44, 45 and 46 under the general heading of Grievance Procedure and Arbitration and the pertinent portions thereof are as follows:

"Section 44. All differences, disputes and grievances that may arise between the parties to this contract with respect to the matters covered in this agreement shall be taken up as follows:" (here follows the step by step procedure for adjustment of grievances, ending with the provision) "if no satisfactory settlement is arrived at within seven (7) working days then the difference, dispute or grievance shall be submitted to arbitration, as hereinafter provided in section 46.

"Section 45. All differences, disputes and grievances concerning matters in this contract which have not been satisfactorily settled after following the procedure set forth above shall be submitted to arbitration except (1) that no question of a change in the general wage rates shall be within the scope of the arbitration procedure and (2) arbitration shall not add to, subtract from, or alter the terms of the contract.

"Section 46. If arbitration shall become necessary then both the Company and the UE shall select an arbitrator. The two arbitrators thus selected shall together select a third by mutual agreement. * * *."

The no-strike provision of the contract is under a separate heading entitled "no-strike and no lockout" and is clearly not subject to the prior "grievance procedure and arbitration" provisions. The pertinent portion thereof is as follows:

"Section 49. The UE agrees not to authorize any strike during the life of this agreement until:

"The grievance procedure has been exhausted;

"Or unless the company refuses to abide by the terms of an arbitration award;

"Or unless the company violates the terms and conditions of this agreement. * * *".

What we said in the Colonial Hardwood case, supra, 168 F.2d at page 35, with respect to the contract there involved is clearly applicable to the contract here, viz.:

"It is clear, as held by the District Judge, that the arbitration clause embedded in Art. IV, as one of the subsections of section 2, has relation to the controversies which are made the subject of grievance procedure of that article, and not to claims for damages on account of strikes and secondary boycotts, which are matters entirely foreign thereto. Damages arising from strikes and lockouts could not reasonably be held subject to arbitration under a procedure which expressly forbids strikes and lockouts and provides for the settlement of grievances in order that they may be avoided. It would have been possible, of course, for the parties to provide for the arbitration of any dispute which might arise between them; but they did not do this, and the rule noscitur a sociis applies to the arbitration clause in the grievance procedure to limit its application to controversies to which the grievance procedure was intended to apply."

■ We think it equally clear that, even if there had been an agreement to arbitrate the matter involved in the suit, stay of proceedings could not be had under the provisions of the United States Arbitration Act for the reasons set forth in the opinion in the Colonial Hardwood case. We went into the matter fully in the decision in that case and nothing need be added to what we

said there, except we note that later decisions in accord are Shirley-Herman Co. v. International Hod Carriers, 2 Cir., 182 F.2d 806, and Amalgamated Association of St. Elec. Ry. and Motor Coach Emp. of America v. Pennsylvania Greyhound Lines, 3 Cir., 192 F.2d 310.

We are not impressed by the argument that our holding in the Colonial Hardwood case must be overruled because of the distinction drawn between contracts of employment and collective bargaining agreements in J. I. Case Co. v. N. L. R. B., 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762. As pointed out by the Court of Appeals of the Third Circuit in the Pennsylvania Greyhound case, supra, it was necessary in the J. I. Case decision to make a distinction which would have no relevance in interpreting the Arbitration Act. It appears that the exclusion clause of the Arbitration Act was introduced into the statute to meet an objection of the Seafarers International Union; and certainly such objection was directed at including collective bargaining agreements rather than individual contracts of employment under the provisions of the statute. The terms of the collective bargaining agreement become terms of the individual contracts of hiring made subject to its provisions and the controversies as to which arbitration would be appropriate arise in almost all instances, not with respect to the individual contracts of hiring, but with respect to the terms engrafted on them by the collective bargaining agreement. It is with respect to the latter that objection arises to the compulsory submission to arbitration which the Arbitration Act envisages. No one would have serious objection to submitting to arbitration the matters covered by the individual contracts of hiring divorced from the provisions grafted on them by the collective bargaining agreements.

Nor are we impressed by the argument that the excepting clause of the statute should be construed as not applying to employees engaged in the production of goods for interstate commerce as distinguished from workers engaged in transportation in interstate commerce, as held by the majority in Tenney Engineering Co. v. United Electrical Radio & Mach. Workers, 3 Cir., 207 F.2d 450. As we pointed out in Agostini Bros. Building Corp. v. United States, 4 Cir., 142 F.2d 854, Congress in enacting the arbitration act was endeavoring to exercise the full extent of its power with relation to the subject matter. There is no reason to think that it was not intended that the exception incorporated in the statute should not reach also to the full extent of its power. As said by Professor Cox: "One should not rely on one policy in interpreting the phrases relating to commerce and an opposite conception in reading 'contract of employment' ". See 67 Harvard Law Review 591, 599.

As pointed out in the Colonial Hardwood case, we do not decide that workers and employers may not agree to arbitrate their differences. Nor do we decide that such agreements to arbitrate may not be specifically enforced. See Textile Workers Union of America v. Aleo Mfg. Co., D.C., 94 F.Supp. 626, and Textile Workers Union v. American Thread Co., D.C., 113 F.Supp. 137. What we decide, and all we decide, is that the arbitration clause in the collective bargaining agreement here does not cover the matter of damages arising out of violation of the no-strike clause and that the provisions of the United States Arbitration Act may not be relied on to stay proceedings in a suit brought on a collective bargaining agreement entered into by workers engaged in interstate commerce as those here were engaged.

Affirmed.