Daniel O. HYDRICK, Plaintiff,

v.

MANAGEMENT RECRUITERS
INTERNATIONAL, INC.,
Defendant.

Civ. A. No. 1:89–CV–2875–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 15, 1990.

George William Long, III, Parker Johnson Cook & Dunlevie, Atlanta, Ga., for plaintiff.

Theodore Lee Marcus, Office of Theodore Lee Marcus, Atlanta, Ga., Donald L. Goldman, phv, Office of Donald L. Goldman, Cleveland, Ohio, for defendant.

## ORDER

SHOOB, District Judge.

Plaintiff Daniel O. Hydrick seeks a declaratory judgment concerning the enforceability of restrictive covenants in his employment contract with Management Recruiters International, Inc., which is a personnel placement company. After a *rule nisi* hearing on April 19, 1990, the Court temporarily stayed arbitration proceedings in the case. The Court granted the stay so that the parties could submit briefs on several issues raised during the hearing. *See* Order dated April 23, 1990. The Court subsequently required supplemental briefs concerning (1) whether the employment contract between the parties is governed by the Federal Arbitration Act; and (2) whether the arbitration clause of the contract should be enforced despite inclusion in the contract of restrictive covenants that might be invalid under Georgia law. *See* Order dated May 10, 1990. For the reasons stated below, the Court finds that the contract is governed by the Federal Arbitration Act and that the arbitration clause of the contract is enforceable. The Court therefore will vacate its stay of arbitration

and will grant defendant's motion to stay the case pending arbitration.

■ Plaintiff sought a stay of arbitration because he claims exclusionary language of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (1988) (the "Act"), exempts his employment contract with defendant from other provisions of the Act. Although the Act governs most contracts involving interstate commerce, it does not "apply to contracts of employment of seamen, railroad employees, *or any other class of workers engaged in foreign or interstate commerce.*" 9 U.S.C. § 1 (emphasis added). In the alternative, plaintiff contends that arbitration cannot occur because his employment contract with defendant is invalid on "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The Court rejects plaintiff's broad construction of the exclusionary language contained in 9 U.S.C. § 1. The Court interprets that section to exclude workers "involved in, or closely related to, the actual movement of goods in interstate commerce." *Dickstein v. duPont,* 443 F.2d 783, 785 (1st Cir.1971) (citations omitted). *See also Miller Brewing Company v. Brewery Workers Local Union No. 9, AFL–CIO,* 739 F.2d 1159, 1162 (7th Cir. 1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985) (exclusionary language limited to workers employed in the transportation industries).[1] This interpretation of the Act accords with the identification of "seamen" and "railroad employees" as specific employees excluded from the Act under 9 U.S.C. § 1. Indeed, if Congress had intended to exclude all employment contracts from the Act, it would have been unnecessary to identify specific categories of workers.

The Court recognizes that *American Postal Workers Union, AFL–CIO v. United States Postal Service,* 823 F.2d 466 (11th Cir.1987), the sole Eleventh Circuit case that addresses the exclusionary language of 9 U.S.C. § 1, stops short of an actual holding on the issue now before the Court. *Id.* at 473. The Court notes, however, that its position is consistent with *American Postal Workers,* which held that postal workers are "workers actually engaged in interstate commerce." *Id.* Plaintiff creatively argues that personnel placement involves similar movement of individuals in interstate commerce, since new positions often require relocation. The Court does not find, however, that facilitating job relocation is tantamount to transportation of goods in foreign or interstate commerce. The Court therefore concludes that the employment contract at issue in this case is governed by the Federal Arbitration Act.

■ The Court likewise rejects the argument that arbitration cannot occur because the contract containing the arbitration clause is invalid under Georgia law. As alluded to above, the Federal Arbitration Act provides that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where, as here, one of the parties to an action has requested a stay pending arbitration pursuant to 9 U.S.C. § 3, the Court "may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corporation v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967). Under *Prima,* the Court may address only the issue of whether the arbitration clause itself is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract;" the Court cannot consider claims involving validity of the contract as a whole. *Id.* at 403–04, 87 S.Ct. at 1806. In other words, if the arbitration clause is valid, the Court must enforce it, even if the underlying contract might be declared invalid.

---

**1.** While the Fourth Circuit adopted a contrary position in *United Electrical, Radio & Machine Workers v. Miller Metal Products,* 215 F.2d 221 (1954), that decision dates from a period when arbitration remained a somewhat disfavored means of dispute resolution. *See generally Mitsubishi Motors Corporation v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626–27, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985).

Plaintiff cites *Local Division 732, Amalgamated Transit Union v. Metropolitan Atlanta Rapid Transit Authority*, 253 Ga. 219, 320 S.E.2d 742 (1984), for the proposition that an arbitration clause cannot be enforced if the underlying contract is invalid under state law. The Court searches in vain, however, for language in the *MARTA* decision supporting the proposition advanced by plaintiff. *MARTA* focuses on the defendant's authority to enter an arbitration agreement. The arbitration agreement at issue in *MARTA* was held "invalid as an unauthorized arbitration agreement, and ... as an unlawful delegation of legislative authority." The Court cannot find any similar infirmity in the arbitration agreement at issue in this case. The Court therefore must enforce the arbitration clause and allow the arbitrator to resolve any claims relating to the validity of the employment contract as a whole. *Coleman v. Prudential Bache Securities, Inc.*, 802 F.2d 1350, 1352 (11th Cir.1986) (citations omitted).

For the foregoing reasons, the Court VACATES the stay of arbitration entered on April 19, 1990 and GRANTS defendant's motion to stay these proceedings pending arbitration.

IT IS SO ORDERED.