Mary Alice DIXON, Mable Ginn, Marie M. Smith, Ruth Sauls, Barbara Roberts, Myrtle Braxton, Madeline Haddock, Doris Worthington and Myrte Russell, Plaintiffs,

v.

SPORTSWEAR, SKI-SUITS AND WEATHERPROOF GARMENT WORKERS' UNION, LOCAL 246 OF the JOINT COUNCIL OF LOCALS 79 AND 246 INTERNATIONAL LADIES' GARMENT WORKERS' UNION and Sidney H. Evans, an Individual, Defendants.

Civ. A. No. 493.

United States District Court
E. D. North Carolina,
Washington Division.

May 21, 1962.

Seawell & Harrell, Raleigh, N. C., Robert S. Langley, Kinston, N. C., Robert D. Wheeler, Grifton, N. C., for plaintiffs.

Robert Cohn, Atlanta, Ga., Sawyer & Loftin, Hillsboro, N. C., for Local 246.

Barsky & Silver, Philadelphia, Pa., Smith, Leach, Anderson & Dorsett, Raleigh, N. C., for S. Evans.

LARKINS, District Judge.

The defendant, Sidney H. Evans, operates a plant in Philadelphia, Pennsylvania, for the manufacture of clothing, which has a collective bargaining agreement with Sportswear, Ski-Suits and Weatherproof Garment Workers' Union, Local 246 of the Joint Council of Locals 79 and 246, International Ladies Garment Workers' Union. Under the terms of the agreement, Evans is permitted to have work done outside the Philadelphia plant, provided the persons doing the work are in contractual relationship with a local union of the I.L.G.W. Union.

In 1960 Evans opened a plant at Grifton, North Carolina, for the manufacture of clothing. Evans obtained permission from Local 246 in Philadelphia to open the plant in North Carolina, provided the workers in the North Carolina plant were in contractual relationship with the local union of the I.L.G.W. Union in North Carolina. Evans further agreed to use his best efforts toward this end.

The employees of Evans' North Carolina plant refused to be organized, or join a union, despite efforts to that end by I.L.G.W. Union representatives and Evans himself.

When the North Carolina plant employees refused union affiliation, Local 246 in Philadelphia filed a grievance under its collective bargaining agreement with Evans. The grievance was based on the fact that Evans' North Carolina plant was being operated by non-union labor. Two arbitration hearings were held before an impartial arbitrator, pursuant to the terms of said agreement, to consider the grievance. In his decision the arbitrator directed Evans to cease his operations in North Carolina and return them to Philadelphia.

As a result of the Arbitrator's Opinion and decision, the employees of Evans at Grifton, North Carolina, filed a petition with the N.L.R.B. and subsequently the plaintiffs in this action brought suit against Local 246 and Evans to enjoin or restrain Evans from ceasing his operations in North Carolina or moving them to Philadelphia, Pennsylvania. A temporary restraining order was issued by this Court after hearing.

Motion of defendant, Local 246, was lodged at said hearing and to which no answer or response was filed by plaintiffs

or co-defendant Evans. Affidavits and briefs were filed by all parties.

The motion sets forth seven grounds for dismissal:

1. Court is without jurisdiction of subject matter.

2. Court is without jurisdiction to grant relief sought.

3. Court is without jurisdiction of the defendant, Local 246.

4. Improper venue.

5. Failure to join an indispensable party.

6. Action currently pending in Eastern District of Pennsylvania is concerned with rights of the parties to the present action; and

7. Complaint fails to state claim for which relief may be granted.

The Court found the timely objection to the venue to be entitled to primary consideration and did not reach the remaining grounds for dismissal.

■■ Upon due consideration of the pleadings, the Motion to Dismiss, the briefs, and the affidavits filed by counsel for all parties in support of their respective positions relative to the motion, and upon its own inquiry, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

"1. The plaintiffs invoke the jurisdiction of the Court in the Complaint under federal statutes 29 U.S.C. §§ 157, 158(a) (1), 158(b) (6) and 158(6) (sic), and under diversity of citizenship 28 U.S.C. § 1332(1).

"2. Local 246 is an affiliate of the I.L.G.W. Union, but not an inseparable constituent unit thereof. Local 246 is a separate and distinct unincorporated association which owes its existence to the will of its own members. It elects its own officers, collects its own dues, carries on its own organizing activities, executes its own collective bargaining agreements with employers in behalf of its members, and generally handles its own affairs. (Article 5, Sections 4(a), 5, 9 and 10–B of the Constitution and By-Laws of the I.L.G.W. Union).

"3. The plaintiffs fail in their Complaint to allege jurisdiction of Local 246 or proper venue of this action as to Local 246. The plaintiffs designate Local 246 as a defendant in the caption of the case appearing on the Complaint, but no reference is made to Local 246 anywhere in the text of the Complaint. All references in the Complaint to defendants are to the I.L.G.W. Union and Sidney H. Evans.

"4. Defendant, Local 246, is a resident of the State of Pennsylvania.

"5. Defendant, Sidney H. Evans, is a resident of the State of Pennsylvania."

### CONCLUSIONS OF LAW

"1. Jurisdiction of the Court in this action is based upon both a federal question and diversity of citizenship.

"2. The applicable venue statute in this action is 28 U.S.C. § 1391(b) which states that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the Judicial District wherein all defendants reside, except as otherwise provided by law.

"3. Local 246 is an association sufficiently separate and distinct from the I.L.G.W. Union to be considered as a separate entity, apart from the I.L.G.W. Union for purposes of this action, and will be so considered by the Court.

"4. The venue of this action, as presently laid, is improper in that neither of the defendants, Local 246 or Sidney H. Evans, are residents of the Eastern District of North Carolina."

Therefore, it appearing to the Court that the venue in this action is improper

and that the defendant, Local 246, made a timely objection thereto; and,

It further appearing to the Court that defendants, Local 246 and Sidney H. Evans, are residents of the Eastern District of Pennsylvania,

It is hereby ORDERED that this action be, and the same is hereby transferred to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1406(a).

It is further ORDERED that the Clerk forthwith transfer all Court records in this action to the Clerk for the United States District Court for the Eastern District of Pennsylvania.