**SPORTSWEAR, SKI–SUITS & WATER-PROOF GARMENT WORKERS' UN-ION, LOCAL 246 OF the JOINT COUN-CIL OF LOCALS 79 & 246, INTERNA-TIONAL LADIES' GARMENT WORK-ERS' UNION**

v.

**EVANS MANUFACTURING COMPANY.**

Civ. A. No. 30496.

United States District Court
E. D. Pennsylvania.

June 13, 1962.

Joseph B. Meranze, Meranze, Katz & Spear, Philadelphia, Pa., for plaintiff.

Jay D. Barsky, Silver & Barsky, Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

In this action brought by the union to enforce an arbitrator's award under a collective bargaining agreement, the plaintiff union has moved for summary judgment.

The agreement, dated August 15, 1959, between the union and defendant, a Philadelphia manufacturer, contains this provision:

"The Employer will not permit any work to b. performed for it, directly or indirectly, outside of its own shop by any other concern unless such concern is in contractual relationship with the Union and has complied with the terms thereof."

A supplement to the agreement, dated March 30, 1960, provided that the employer was to continue to employ as many employees in the Philadelphia plant as were employed there in 1959, and also that:

"The Employer shall not conduct manufacturing elsewhere unless the Philadelphia plant is being operated on a full time work basis, and the Union consents to the manufacturing elsewhere as provided in the Collective Agreement."

Further supplements, in letter form, likewise dated March 30, 1960, provided:

"It is our understanding that conditioned upon your Philadelphia plant being operated on a full time work basis as provided by our Memorandum Agreement of March 30, 1960, we will have no objections to your opening a plant in Grifton, North Carolina, provided further that the Grifton Plant is under a Collective Agreement with the Local Union there of the International Ladies' Garment Workers' Union."
and

"We shall expect you to use your best efforts and good faith in helping the I.L.G.W.U. organize your shop in Grifton, North Carolina.

"If it should appear that additional time is necessary for this purpose, we shall be very glad to sit down with you to discuss this matter."

Defendant opened a plant at Grifton, North Carolina, but none of the employees of that plant joined the union. The union contended that by opening the plant in North Carolina defendant breached the collective bargaining agreement. This contention gave rise to a dispute, which was submitted to arbitration under the following provision of the agreement:

"All controversies or disputes, if any, shall in the first instance, be taken up by and between the firm and the Shopchairman. Should they be unable to agree within twenty-four (24) hours, after the dispute arises, the Employer will then take up such dispute with the representative of the Union. In the event that they are unable to reach a satisfactory agreement, within forty-eight (48) hours thereafter, then the matter shall be immediately submitted to ALLAN DASH, who shall act as the Impartial Arbitrator and his decision shall be final and binding. * * * It is the intention and agreement of the parties that the procedure established in this agreement for the adjustment of disputes shall be the exclusive means for the determination of all disputes, complaints or grievances specified herein, expressly including all strikes, stoppages, lockouts and any and all claims, demands or acts arising therefrom. Neither party shall institute any proceedings in a court of law or equity other than to compel arbitration, as provided in this agreement, or to enforce the award of an arbitrator. This provision shall be a complete defense to any action instituted contrary to this agreement."

The arbitrator, Allan Dash, held hearings and rendered an opinion and award. He upheld the union's contention that the employer set up the North Carolina plant in violation of the agreement, and denied the employer's contention that the North Carolina plant had been opened only after securing union approval and that it had been opened with the union's permission. He directed that the union be given access to the employer's books at both plants to discover how much the employer owes plaintiff union by reason

of defendant employer's failure to make payments to union health insurance, retirement, and severance pay funds.

■ The only problem before the court is whether the arbitrator's award should be enforced. There is ample authority upholding the power of a United States District Court to enforce the award of an arbitrator in a dispute over the alleged violation of a collective bargaining agreement: Philadelphia Dress Joint Board v. Rosinsky, D.C., 134 F.Supp. 607, aff'd 229 F.2d 438 (3d Cir. 1956); A. L. Kornman Co. v. Amalgamated Clothing Workers, 264 F.2d 733 (6th Cir. 1959); Textile Workers Union of America v. Cone Mills Corp., 268 F.2d 920 (4th Cir. 1959).

■ The employer's contention that the arbitrator exceeded his authority is without merit. It was the arbitrator's problem to interpret the agreement and determine whether or not the employer's opening and operation of the North Carolina plant amounted to a breach of the agreement. The arbitrator found that this did amount to a breach, and in doing so he acted well within the authority conferred upon him by the agreement's arbitration provisions.

■ The collective bargaining agreement requires the employer to pay to the union certain percentages of the gross payroll for a health insurance fund, a retirement fund, and a severance pay fund. The union wishes to examine the employer's books to see whether the employer owes money under these provisions. The arbitrator directed that the union be permitted to examine the books for this purpose and this award will be enforced. Whether or not the employer must make payments on account of the non-union employees at the North Carolina plant was not discussed by the arbitrator or argued before me. Consequently, I am not here deciding anything beyond the enforcement of the arbitrator's award granting an examination of the books. Specifically I am not deciding whether or not the employer is obliged under the agreement to make any payments, and I am not deciding whether or not defendant must discontinue the operation of the North Carolina plant.[1]

The letter dated March 30, 1960, gave permission to the employer to open the North Carolina plant on condition (1) that the Philadelphia plant be operated on a full time work basis, (2) that the employees of the North Carolina plant join, and that the North Carolina plant operate under a collective agreement with, the Grifton local union of the International Ladies Garment Workers, and (3) that the employer use his best efforts and good faith in helping the I.L.G.W.U. to organize the shop in North Carolina.

The first condition was met completely and presents no real problem. The second and third conditions, however, present more of a problem. The arbitrator decided that, because the second and third conditions were not met, permission had not been granted and that, therefore, defendant violated its collective agreement by opening a plant in North Carolina. Defendant contends that this conclusion was erroneous as a matter of law because (it contends) the conditions were illegal in that the efforts by the local union and the employer to persuade the North Carolina employees to join the Grifton local union might have violated the North Carolina "right to work" law, Sec. 2, c. 328, N.C.Session Laws, 1947, and might have constituted an unfair practice under the National Labor Relations Act, 29 U.S.C. § 158.

1. It appears from a motion and answer subsequently filed in this case (not yet argued and hence not now disposed of) that the problems expressly not decided here may be involved in another proceeding in this court between the present parties, Civil Action No. 31019, and in an action brought in the Eastern District of North Carolina, Washington Division, Dixon v. Sportswear, Ski-Suits and Weatherproof Garment Workers' Union, Local 246 of the Joint Council of Locals 79 & 246, International Ladies' Garment Workers' Union, D.C., 205 F.Supp. 566, by Mary Alice Dixon and other employees of the North Carolina plant against the union and Sidney H. Evans.

■ This contention must be rejected. The fact that plaintiff or defendant individually or jointly might have violated the North Carolina act or the N.L.R.A. or both in attempts to carry out the conditions of the agreement does not without more make the conditions illegal. There is no showing that either the union or the employer used any illegal methods in attempts to carry out the conditions. The arbitrator was correct in deciding that the conditions were not met, and that, therefore, no permission had been granted to open the defendant's new plant in North Carolina.

Plaintiff may submit an order for summary judgment in its favor and giving plaintiff permission to examine defendant's books as sought in the present action.