318 F.2d 528
 SPORTSWEAR, SKI-SUITS & WATERPROOF GARMENT WORKERS' UNION, LOCAL 246 OF the JOINT COUNCIL OF LOCALS 79 & 246, INTERNATIONAL LADIES' GARMENT WORKERS' UNION
v.
EVANS MANUFACTURING COMPANY, Appellant.
 No. 14136.
 United States Court of Appeals Third Circuit.
 Argued January 11, 1963.
 Decided June 7, 1963.
 
 Jay D. Barsky, Philadelphia, Pa. (Isadore A. Shrager, Silver & Barsky, Philadelphia, Pa., on the brief), for appellant.
 Morris P. Glushien, New York City, Joseph B. Meranze, Philadelphia, Pa. (Max Zimny, New York City, Meranze, Katz & Spear, Philadelphia, Pa., on the brief), for appellee.
 Before KALODNER, HASTIE and GANEY, Circuit Judges.
 KALODNER, Circuit Judge.
 
 
 1
 This appeal is taken from a summary judgment entered on plaintiff's motion in the United States District Court for the Eastern District of Pennsylvania specifically enforcing an interim arbitration award requiring defendant to permit plaintiff to inspect its employees' wage records.
 
 
 2
 Plaintiff is a union. Defendant is a manufacturer of men's and children's wear. They are in relation of employer and collective bargaining agent at defendant's plant in Philadelphia, Pennsylvania. Under a collective bargaining agreement dated August 15, 1959, to continue to August 14, 1962, defendant agreed to make payments to a health insurance fund and to a retirement fund established by the union based upon a percentage of defendant's gross payroll of all employees. The agreement contained an arbitration clause, pursuant to which all controversies or disputes, not settled through the grievance procedure provided, should be submitted to the named "Impartial Arbitrator" whose decision is "final and binding." Further the defendant agreed it would "not permit any work to be performed for it, directly or indirectly, outside its own shop by any other concern unless such concern is in contractual relationship with union and has complied with the terms thereof."
 
 
 3
 A supplement to this agreement under date of March 30, 1960, extended it to February 14, 1964. In this supplement defendant agreed to continue to employ during the term of the agreement as extended, the same number of employees in the Philadelphia shop as it employed there in 1959, to continue to supply them with full time work so that they could earn their regular full time pay (subject to exceptions not here significant), and that it would not conduct manufacturing elsewhere unless the Philadelphia shop was being operated on a full time basis and the union consented to the manufacturing elsewhere as provided in the collective agreement. Under the same date, the manager of the union wrote to the defendant that it was "our understanding that conditioned upon your Philadelphia plant being operated on a full time work basis as provided in our Memorandum Agreement of March 30, 1960, we will have no objections to your opening a plant in Grifton, North Carolina, provided further that the Grifton Plant is under a Collective Agreement with the Local Union there of the International Ladies' Garment Workers' Union." In addition, a letter from the same union manager to the defendant, also dated March 30, 1960, stated that defendant was expected to use its best efforts and good faith in helping I.L.G.W.U. organize the shop in Grifton, North Carolina, and offering to discuss any additional time necessary for that purpose. This letter was approved by defendant.
 
 
 4
 The defendant set up a shop at Grifton, but the employees there did not elect to be represented by a labor organization affiliated with the I.L.G.W.U. The defendant's Philadelphia plant was operated full time with the required number of employees.
 
 
 5
 Claiming that the defendant had violated its agreements, the plaintiff referred the matter to the Impartial Arbitrator seeking (1) a direction to defendant to permit the plaintiff to make an examination of the defendant's wage records, (2) an award of damages and (3) an injunction prohibiting operation of the Grifton shop. Both parties participated in the arbitration proceedings. The Arbitrator determined that the plaintiff had consented to the Grifton plant on two conditions, one of which, as stated, was not met. Accordingly, he found that defendant was in violation and rejected defendant's claim that it opened the Grifton plant only after receiving plaintiff's permission and that such opening and operation was with plaintiff's permission. He directed that defendant, within two weeks, permit plaintiff to examine its wage records at both the Philadelphia and Grifton plants to determine the extent to which defendant violated its agreement by having work done outside its Philadelphia plant and by failing to make reports to health, retirement and severance funds established by the union, and to permit the plaintiff at a later date to present claim for money damages and to request an order directing return to Philadelphia of the Grifton plant.
 
 
 6
 Upon the failure of the defendant to permit plaintiff to make the examination of records required by the Arbitrator's award, plaintiff commenced this action. In due course, plaintiff moved for summary judgment, accompanying its motion with affidavits and documents, none of which are controverted by defendant in the respects outlined above. The District Court, as stated, granted the motion and directed defendant to comply. 206 F. Supp. 572.
 
 
 7
 The only question raised by the defendant on this appeal is whether the agreements, as defendant says they are interpreted by the Arbitrator, contravene the policy of the National Labor Relations Act, and therefore need not be enforced by a federal court.
 
 
 8
 We agree with the result reached by the District Court, but do not find it either necessary or desirable at this time to resolve the issue framed by the defendant.
 
 
 9
 The basis of the order to permit examination of defendant's wage records is stated by the Arbitrator as follows:
 
 
 10
 "The nature of the records cited by the Union in its request on this point, both for the Philadelphia and Grifton operations of the Employer, are commensurate with the charges and complaints made by the Union against the Employer. The Arbitrator does not construe this request to be a `fishing expedition.' Study by the Union's accountants of the Employer records cited by the Union should enable them to ascertain the extent of the Employer violations of Sections 8, 21, 24 and 25 of the August 15, 1959 Agreement for which the Union may elect, later, to seek damages before the Arbitrator, and may later request that the Employer be directed by the Arbitrator to terminate the Grifton operations and return all operations to its Philadelphia Plant. For these reasons the request of the Union that it be permitted to make a complete examination of the Employer's books at its plants in Philadelphia, Pennsylvania and Grifton, North Carolina, is sustained. In order that this examination may be expedited and steps be taken within a reasonable time to resolve all facets of the issues in this case, the Employer shall make the records available for the Union's accountants for examination within two weeks of the date of this decision." (emphasis supplied)
 
 
 11
 It is thus readily apparent that the order now sought to be enforced is preliminary. While at the outset the plaintiff sought further relief, the Arbitrator has placed upon the plaintiff the onus in the first instance, of requesting specific relief based upon its examination of defendant's books. It is after such examination and upon the plaintiff's later request for specific relief that the Arbitrator proposes "to resolve all facets of the issues in this case." And, of course, since he has not determined that any damages are due from the defendant or that other duties are to be performed by it we are not now concerned with these facets of the case.[1]
 
 
 12
 We have no doubt of the propriety of the order under review as one, on the basis of the record, within the authority of the Arbitrator. Cf. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). But it is neither necessary nor expedient for us to judicially conclude at this time the validity of an issue which is only fragmentarily involved and whose prospects should be left for review in context of a substantive award of relief to which the defendant may object. Moreover, the harm of delay in completion of the arbitration process is apparent.
 
 
 13
 For the reasons stated, the Order of the District Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 We are aware that subsequent to the order here involved, on application of the plaintiff, the Arbitrator directed the defendant herein to terminate its Grifton, North Carolina operation. A petition for enforcement is before the United States District Court for the Eastern District of Pennsylvania, Civil Action File No. 31019