**NORFOLK AND WESTERN RAILWAY COMPANY, Plaintiff,**

v.

**TRANSPORTATION COMMUNICATIONS INTERNATIONAL UNION, Defendant.**

Civ. A. No. 91–312–N.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 16, 1991.

William P. Stallsmith, Jr., Norfolk Southern Corp., Norfolk, Va., Jeffrey S. Berlin, Washington, D.C., for plaintiff.

Raymond H. Strople, Portsmouth, Va., Robert S. Clayman, Washington, D.C., for defendant.

## OPINION AND ORDER

DOUMAR, District Judge.

This Court held a hearing on September 16, 1991 on cross-motions for summary judgment and counterclaim arguments. Plaintiff Norfolk and Western Railway Company ("Railway") and Defendant Transportation Communications International Union ("Union") are parties to arbitration under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, as well as parties to a collective bargaining agreement which was originally effective April 1, 1973. At issue is the arbitration board's order for additional evidence. The arbitration board, a Public Law Board ("Board"), termed its order "Award No. 27," (hereinafter referred to as "evidentiary order") and both parties assert that the order is an award. The Railway is seeking review of the order pursuant to the Railway Labor Act, 45 U.S.C. § 153 First (q),[1] which confers limited jurisdiction to federal district courts to review awards. The Railway seeks to have this Court set aside the "award" on the grounds that the Board did not comply with the requirements of the Railway Labor Act and the Board exceeded the jurisdiction granted it in the contractual agreement

---

1. "First" prior to "(p)" or "(q)" refers to the First paragraph and is the nomenclature generally adopted in other court opinions. "Second" refers to the second paragraph which was added on as an amendment in 1966.

which delineates the power of the Board. The Union is asserting that under 45 U.S.C. § 153 the Court has no subject matter jurisdiction to review the order but that the Court does have jurisdiction to enforce the order. The Union brought a counterclaim petition for enforcement of the order pursuant to § 153 First (p) and Second which gives the Court jurisdiction to enforce awards. The Railway argues against court enforcement of the order by asserting that the order is beyond the jurisdiction of the Public Law Board. This Court finds that the evidentiary order is not an award and that this Court has no subject matter jurisdiction to review, set aside, or enforce the order under 45 U.S.C. § 153.

## FACTS

On November 26, 1986, the Railway replaced a nonunion contractor, Yellow Cab Company, with another nonunion contractor, Brown Limousine Company, to transport crews in Portsmouth, Ohio, which was work that was shared with employees represented by the Transportation Communications Union. Pursuant to a collective bargaining agreement, the Union submitted a claim to the Railway on January 15, 1987 that the Railway was in violation of the collective bargaining agreement between the parties. The Union's claim is that Brown Limo Company performed and is still performing work that was assigned to the union-represented employees, in violation of the collective bargaining agreement. In arbitration, the Union sought compensation for three senior union employees.

The claim was referred to Public Law Board No. 4454 for arbitration. Under the Railway Labor Act, matters can be referred to either the National Railroad Adjustment Board ("N.R.A.B."), or a special adjustment board. A Public Law Board is a special adjustment board, created pursuant to 45 U.S.C. § 153 Second paragraph, part of the 1966 amendment to 45 U.S.C. § 153.[2] The power of Public Law Board No. 4454 is defined and limited in a contractual agreement between the parties.

The parties submitted evidence to Public Law Board No. 4454. The Railway presented statistical evidence that Yellow Cab completed 205 trips in October 1986, the month before the contractors were changed, and Brown Limo performed 114 trips in December 1986 and 202 trips in January 1987. The Union presented its own study in an effort to prove that Brown Limo was assuming duties assigned to union workers. The Union concluded that Brown Limo made approximately 531 trips in a 70 day period in February, March and April 1988.

After conducting a hearing, and upon a request from the Union, the Board issued on May 17, 1991 an order titled "Award No. 27," which states that because the relevant evidence was solely in the Railway's control, the two parties shall conduct a joint check of the Railway's records for a relevant time period.[3] In "Award No. 27"

---

**2.** Although it is a private board, it is called a "public law board" because it was created as an alternative to the Adjustment Board by a public law, now codified in 45 U.S.C. § 153 Second. *See Employees Protective Ass'n v. Norfolk and Western Ry. Co.,* 511 F.2d 1040, 1044 (4th Cir. 1975).

**3.** "Award No. 27" states in part:

In cases such as this, the burden is upon the Organization [Union] to demonstrate a violation of the Agreement. Given the numerical approach that the parties have taken to this case, in order to satisfy its burden in this matter, the Organization must make a demonstration based upon data that is, for all purposes, in the exclusive control of the Carrier. In an effort to meet its burden, the Organization conducted its own study and, understand-ably, relies upon the results of that study. While the Organization's study may have proceeded using inaccurate assumptions, examined a period of time too remote from the relevant dates, or may not otherwise have been as accurate as the Carrier's study, given the Organization's disadvantage of arguing about data that it does not have direct access to, we find that the Organization's study takes this case out of the realm of those cases where only unsupported assertions are made which ordinarily requires a denying award due to lack of evidence to support unfounded allegations. But, given the approach the parties have taken in this matter, the Organization's showing is sufficient to shift the burden to the Carrier not to rebut the Organization's evidence, but to at least warrant a more detailed examination of the Carrier's records. The

the Board stated that it retained jurisdiction for any disputes that arise after the joint check.

Whether there should be a joint check or other disclosure of the Railway's records was not a matter submitted to the Board for arbitration. The only matters submitted to be arbitrated were whether there had been a violation of the agreement such that nonunion employees were assuming union work and whether the Railway should compensate three union employees. Plaintiff did not dispute with the Board its jurisdiction but instead sought in this Court an order vacating the "award."

## ISSUES

The questions to be determined are this Court's jurisdiction to (1) review and (2) to enforce an order of the arbitration board to require a party or parties to submit additional evidence. This Court will first consider its jurisdiction to review an evidentiary order of an arbitration board and secondly its jurisdiction to enforce evidentiary rulings or orders of an arbitration board.

## DISCUSSION OF LAW

### A. INTRODUCTION

Under the Railway Labor Act, a federal district court has jurisdiction to review and enforce National Railroad Adjustment Board or special adjustment board awards under 45 U.S.C. § 153 First and Second paragraphs. The First paragraph establishes the National Railroad Adjustment Board ("N.R.A.B.") and limits its powers. The First paragraph predated the 1966 establishment of special adjustment boards. The Second paragraph was added as an amendment in 1966 and establishes special adjustment boards as an option to the National Railroad Labor Board, and grants

the boards limited powers. The Public Law Board No. 4454 involved herein is such a special adjustment board.

Subsection (p) of the First paragraph grants jurisdiction upon the filing of a complaint by a petitioner of an arbitration claim or the person for whose benefit an order of the N.R.A.B. was made for enforcement of an order against a carrier or for the order to be set aside. First (p) [4] states in pertinent part,

If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States ... a petition setting forth briefly the causes for which he claims relief.... The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment ... as may be appropriate to enforce or set aside the order of the division of the Adjustment Board....

Subsection (q) of the First paragraph grants jurisdiction for a federal district court to review an award upon a filing for review by an employee or carrier. First (q) [5] states in pertinent part,

If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award ... then such employee or group of employees or carrier may file in ... United States district court ... a petition for review of the division's order....

■ Under both First (p) and (q), a court may set aside an award only under three circumstances: (1) if the board did not com-

Carrier cannot now attack the validity of the Organization's study when the data needed to resolve this dispute is solely within the control of the Carrier.

Therefore, standing back from this dispute, the only valid way to determine if Brown's is performing the same amount of work as Yellow previously performed (as argued by the Carrier) or more work than Yellow previously performed (as argued by the Organization) is

for the parties to conduct a joint check of the Carrier's records covering an agreed upon relevant period of time spanning periods both before and after the date Brown's took over Yellow's functions.

4. See *supra,* footnote 1.

5. See *supra,* footnote 1.

ply with the requirements of the Railway Labor Act, (2) if the order did not conform or confine itself to the scope of the board's jurisdiction or (3) if a member of the board was involved in fraud or corruption. 45 U.S.C. § 153 First (p), (q).

## B. REVIEW OF ORDER SOUGHT BY CARRIER

The jurisdiction of this Court to "review" the order as distinguished from enforcement of the order will be discussed first. The Second paragraph explicitly allows for court enforcement but does not address the review of public law board awards. It is generally held that federal district courts have jurisdiction to review public law board awards to the same limited extent as review of N.R.A.B. awards pursuant to 45 U.S.C. § 153 First (q). *Employees Protective Ass'n v. Norfolk & W. Ry. Co.*, 511 F.2d 1040, 1045 (4th Cir.1975).

Section 153 First (q) provides that if a carrier is aggrieved by the terms of a N.R.A.B. award, the carrier may petition for review of that award on a limited basis. Due to the application of this section to Public Law Boards, as held by caselaw, First (q) applies to review of Public Law Boards awards. In its complaint, the Railway asserted that Public Law Board No. 4454 failed to comply with the requirements of the Act and exceeded its jurisdiction under the contractual agreement between the parties by requiring the production of evidence in its "award" ordering a joint check of the Railway's records.

Although First (q) uses both the words "award" and "order" in its grant of federal court jurisdiction, at all times the word "order" refers to awards. All awards are orders, although not all orders are awards. Section 153 First (q) confines a federal court's jurisdiction to reviewing awards only.

■ Under § 153 First (m), awards "shall be final and binding upon both parties to the dispute," and courts may review only final awards. In *Kemner v. District Council of Painting and Allied Trades*, 768 F.2d 1115, 1118 (9th Cir.1985), the court stated that "a court should refrain from reviewing an arbitrator's work until a final and binding award is issued." The court reasoned that judicial review of non-final awards "would contravene the fundamental federal labor policy of deferring to contractual dispute resolution procedures." *Id.* In a similar vein, another court stated, "most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court." *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir.1980). Only in the most extreme instances will judicial review of a non-final order be proper. *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir.1987). To fulfill the general finality requirement, an "award must be intended by the arbitrator to be his complete determination of every issue submitted to him." *Chrysler Motors Corp. v. International Union Allied Indus. Workers*, 748 F.Supp. 1352, 1353 n. 2 (E.D.Wis.1990) (citation omitted).

■ In the case before this Court, the evidentiary order was in no way intended to be a complete determination of every issue submitted to the Board. The Board summarized the claim before it in "Award No. 27" as being whether the Railway violated the agreement by permitting an outside contractor to perform work assigned to labor employees, and if there is a violation, whether the Railway should be required to compensate three idle union employees. *See* Exhibit "Award No. 27." After the claim was completely submitted for arbitration, the Union requested that the Board direct a joint check of the Railway's records. Whether the Board could or should issue a joint check of the Railway's records was not an issue submitted to the Board to be the subject of arbitration. Since the joint check was not submitted as a subject of arbitration, the order for the production of this evidence could in no way be a complete determination of every issue submitted to the board. Thus, the order is not final.

The order is procedural, not dispositive. Courts have held that federal courts may not review an arbitrator's procedural decisions. *See United Paperworkers Interna-*

*tional Union v. Misco, Inc.,* 484 U.S. 29, 108 S.Ct. 364, 372, 98 L.Ed.2d 286 (1987) (refusal to hear certain evidence is procedural and therefore not reviewable); *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557–8, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964) (procedural matters which spring from dispute submitted to arbitrator and affecting final disposition not reviewable); *Tobacco Workers International Union, Local 317 v. Lorillard Corp.,* 448 F.2d 949, 953–4 (4th Cir.1971) (whether employees with identical claims must file separate grievances is for arbitrator, not court, to decide).

The parties' attempts to force this evidentiary order into the definition or label of an "award" is only by the art of sophistry. The Board's label on its order as an "award" does not make it an award in fact.[6] Nothing in the statute or contract provides any support for this Court to conclude that the Board's order is an award. The order to produce certain evidence is not dispositive of the claim presented to the Board and therefore it is not an award. This Court finds as a fact that the order is not final and is not an award. Under § 153 First (q), certain parties under limited circumstances have a right to court review of a final award, but not of a nondecision by a Board.

## C. ENFORCEMENT OF ORDER SOUGHT BY UNION

Although the Union argued that the Court did not have jurisdiction to review the evidentiary order, the Union asserts that there is jurisdiction to enforce the evidentiary order. The Railway asserted that the Court had jurisdiction to review the order, but argued that if the Court held that there is no subject matter jurisdiction to review, that the Court's enforcement power should be coextensive with its review power. The Railway asserted that it is perverse to allow a court to enforce that which it has no jurisdiction to review.

The Second paragraph of § 153 addresses enforcement of awards of a Public Law Board: "Compliance with such *awards*

shall be enforcible [sic] by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with *awards* of the [National Railroad] Adjustment Board." 45 U.S.C. § 153 Second (emphasis added).

Federal court jurisdiction to enforce awards of the Adjustment Board is addressed in (p) of the First Paragraph of § 153. The language of First (p) itself does not on its face limit enforcement to awards instead of orders in general because (p) uses the word "order" and not "award." However, there is caselaw that limits the enforcement of an Adjustment Board action to an award. In *Hodges v. Atlantic Coast Line Railroad Co.,* 310 F.2d 438 (5th Cir.1962), the court stated that to enforce an order, "of course it must be an 'award' and not a mere interim order made in the course of a hearing having no dispositive effect." *Id.* at 442.

Regardless of whether First (p) applies only to awards or also to any N.R.A.B. order including one that is not an award, the parameters of (p) only apply to *awards* of a Public Law Board due to the language in the Second paragraph that "compliance with such awards" shall be governed by in accordance with enforcement of awards as allowed in the First paragraph. Thus, this Court has jurisdiction to enforce only Public Law Board awards, and not orders of the Public Law Board that are not awards. This Court does find as a fact that the so-called "Award No. 27," which directs a joint check of evidence, is not final or dispositive and is not an award, but is an evidentiary production order.

The Union has cited *Sportswear, Ski-Suits & Waterproof Garment Workers Union Local 246 v. Evans Mfg. Co.,* 318 F.2d 528 (3d Cir.1963) as a case which holds that a federal court has jurisdiction to enforce an order directing that a union be given access to the employer's books. This case is distinguishable from the present

---

6. "Call it by some better name," a ballad by Sir Thomas Moore, is probably apt.

matter. In *Sportswear,* the union had referred to the arbitrator the matters of the claimed violation of an agreement as well as a specific request for a direction to the employer to permit the union to make an examination of the employer's records. The matter of obtaining the means to get evidence from the opposing side was one of the matters presented before the arbitrator, and both parties participated in the arbitration proceedings. Moreover, *Sportswear* was under the National Labor Relations Act, not the Railway Labor Act. *Id.*

In contrast, in the case *sub judice,* a request for a joint check was not a matter submitted to the Board by both parties. As summarized by the Board itself in its "Award No. 27," the claim presented to the Board was only whether the Railway had violated the collective bargaining agreement and whether the Railway should compensate three union employees. The matter of a joint check was only requested by the Union after the claim had been submitted to the Board as a means to collect additional evidence prolonging proceedings. The Board may have concluded that it wanted additional evidence before making a dispositive decision on the submitted matters but that is not what it was arbitrating.

■ The Public Law Board does not have subpoena power. *See* Hearing on H.R. 706 [Railway Labor Act amendments] before the Subcommittee on Labor of the Senate Committee on Labor and Public Welfare, 89th Cong., 2d Sess., 49 (1966) ("There is no provision for issuance of subpenas [sic] or compulsory attendance of witnesses," *as quoted in Andrews v. Louisville & Nashville Rr. Co.,* 406 U.S. 320, 336, 92 S.Ct. 1562, 1571, 32 L.Ed.2d 95 (1972) (dissenting, Douglas, J.)). If a court were to enforce an order for the production of further evidence in cases where the production was not a matter initially specifically submitted for arbitration, the court would be empowering a board with subpoena power, which neither a Public Law Board nor the National Railroad Adjustment Board possess. A board with power to obtain enforcement of such an evidentia-ry order could be likened to a renegade court which dismisses the jury after presentation of the evidence and directs the parties to bring additional evidence and come back another day. There could conceivably be no end to a board's requests for evidence.

However, it is not this Court's prerogative to enforce or review a procedural, evidentiary order such as the order in "Award No. 27." It is also not this Court's prerogative to give power to a Public Law Board which Congress did not grant and seemingly withheld. This Court is not avoiding deciding issues involving enforcement or review of a final order. This Court is only avoiding enmeshing itself in the machinations of an arbitration board. Because Public Law Board No. 4454 does not propose to be a court of law, its rules and regulations should not be set by a federal court. There is a contractual agreement defining the powers and procedures of a Board and these powers and procedures are not set by a court. Otherwise, a court would be involved in every action but the final decision. Merely calling something an "award" does not make it so.

## CONCLUSION

The Defendant's and the Plaintiff's motions for summary judgment regarding review of the evidentiary order inaptly titled "Award No. 27" are DENIED. The Defendant's counterclaim petition for enforcement of the evidentiary order is DENIED. This case is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.