[S. F. No. 11769. In Bank.—January 16, 1928.]

STUART ARMS COMPANY, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

H. W. Hutton for Appellant.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondents.

SEAWELL, J.—On July 13, 1925, Stuart Arms Company, a corporation organized under and by virtue of the laws of the state of California, and owning property subject

to taxation in the city and county of San Francisco, filed its complaint on behalf of itself and for the benefit of all the taxpayers of said municipality, and particularly those who might choose to join in the action and contribute to the expense of the suit, for a judgment restraining the city and county of San Francisco, the board of supervisors, the mayor, and the tax collector of said city and county from levying a tax for the fiscal year 1925–1926 in excess of $2.7096 on each $100 of the assessed value of all property situate in said city and county and subject to taxation, and that the mayor be restrained from approving any tax in excess of the rate above named, and that the tax collector be restrained from collecting any tax in excess thereof for said fiscal year, and for a temporary restraining order *pendente lite,* and for general relief. It is alleged by the complaint that the sum of $2.7096 on each $100 of the assessed value of all property situate within said city is the maximum rate that may be lawfully levied under the provisions of the charter, and that said municipal officers threaten to levy a tax of $4.2179 on each $100 of assessable property in said city and county, computed according to purported budget appropriations adopted by said board of supervisors.

The four defendants, excepting the mayor, who joined with the board of supervisors, demurred separately to the complaint, specifying as the grounds thereof that the complaint stated no facts sufficient to constitute a cause of action and that the court did not have jurisdiction of the subject matter of the action against said respective defendants. The court sustained the respective demurrers with ten days to the plaintiff to amend, which privilege it declined to avail itself of, and in consequence thereof a judgment of dismissal was entered by the court and this appeal was taken from said judgment.

The city and county of San Francisco is a municipal corporation organized and existing under and by virtue of the laws of the state of California, operating under and by authority of a charter.

We do not deem it helpful to enter into a consideration of the several interesting questions of law presented by counsel in the case, for the reason that there is no substantial relief that we can grant appellant even if we

should adopt its view and hold, as to the main question, that the levying of a tax was a judicial rather than a legislative act, and, further, that appellant's petition was immune from the several attacks made by respondents, and particularly to the objection made by respondents that sections 3819 and 3804 of the Political Code furnish the exclusive remedy for the recovery of taxes paid in excess of the amount which the taxing power is authorized by law to levy. Other objections are made to the complaint by respondents in that it alleges conclusions of law rather than probative facts and that it does not negative the existence of certain conditions which, according to the provisions of the charter, may furnish sufficient reason for exceeding the $2.71 levy, claimed by appellant to be the maximum amount that may be lawfully levied.

Respondents make further objection to the complaint on the ground that the tender of payment of appellant's taxes, computed upon a $2.71 basis on the hundred dollars, was made in July, a time prior to the day that the tax collector was authorized to receive said tax or any tax, and, therefore, said tender was premature and it was not thereafter renewed. Other objections are raised by the demurrants, but inasmuch as the questions presented by the appellant have become moot by lapse of time, a discussion of them would be nothing more than a profitless task.

The assessment, whatever it may have been, has long since been levied and the tax collected. The presumption is that it has been lawfully expended in the administration of municipal affairs. Since the fiscal year of 1925–1926 another fiscal year, 1926–1927, and one-half of 1927–1928 have intervened. The presumption would be that the moneys collected for a definite fiscal year have been expended in payment of municipal demands which accrued during the year for which the fund was provided. If there was an excess for the year 1925–1926 the presumption is that it was carried over into the next year and entered into the computation of the fixing of the rate for said following year. No presumption of irregularity or failure to perform official duty may be indulged against municipal or public officers. The presumption is that none of the funds raised for the fiscal year 1925–1926 remain uncol-

lected or unexpended. A restraining order, therefore, would be an idle act.

The appeal is dismissed.

Shenk, J., Richards, J., Waste, C. J., Curtis, J., Preston, J., and Langdon, J., concurred.