[Civ. No. 4248.   Fourth Dist.   Sept. 7, 1951.]

MASON B. PATTEN, Appellant, v. COUNTY OF SAN DIEGO et al., Respondents.

468

Mason B. Patten, in pro. per., for Appellant.

James Don Keller, District Attorney, and Robert G. Berrey, Deputy District Attorney, for Respondents.

GRIFFIN, J.—The appellant was a recipient of county general relief under section 2500 of the Welfare and Institutions Code, and failed to report the fact that he had received certain sums of money from his sister. For such failure the payment of general relief was discontinued. On July 10, 1950, appellant instituted mandate proceedings against the respondent county of San Diego to compel it to restore appellant to indigent relief "in such amount as he is entitled," and "subject to certain conditions."

At the trial appellant offered no evidence. Respondent stipulated appellant was an indigent and was then entitled to relief as a recipient under the aforementioned section. Judgment was entered on July 12, ordering the issuance of the writ, i.e., that plaintiff be restored subject to conditions imposed by law notwithstanding his past failure to disclose receipt of contributions. Thereafter, on August 9, appellant moved to vacate the judgment and moved to have the original judgment amended so as to order the respondent to pay appellant a specific sum of $157 on account of money advanced to appellant by third parties in "maintaining his illness, during this dispute," plus the amount of relief money he would have received had he not been removed from the relief roll. The motion was denied and appellant appeals from that order.

The contention is that the trial court erred in the original judgment by not ordering the county to pay to appellant retroactive payments of relief because the actions of respondents county of San Diego and Department of Public Welfare, in disallowing his relief were "arbitrary and capricious."

No evidence was introduced on this subject and the trial court made no such finding. There is nothing in the record and plaintiff has pointed to no evidence or finding that might imply the order was based upon such grounds. This contention therefore must fail.

■ Plaintiff's argument that the trial court denied the motion on the ground that it believed it had no jurisdiction to act since the original judgment became final is subject to the same disposition for the same reason that there was no evidence that the finding was based on that ground.

■ The next point is that the court was bound to order restoration of back payment since the provisions of section 2500 of the Welfare and Institutions Code were mandatory under the decision of *San Francisco* v. *Collins,* 216 Cal. 187 [13 P.2d 912]. There is no merit to this contention. In *Bila* v. *Young,* 20 Cal.2d 865 [129 P.2d 364], it was held that a trial court has no authority to determine the amount of the payments or the date at which they should be made. See, also, *Worcester* v. *Board of Supervisors of San Diego County,* 55 Cal.App.2d 883 [132 P.2d 276]. ■ The administration of county general relief given pursuant to section 2500 of the Welfare and Institutions Code is vested in the county boards of supervisors. The Welfare and Institutions Code does not require that the county grant indigents any specific type of relief nor does it require the payment of any specific amount of money to indigents nor prescribe the time at which payments are to be made. These are matters within the discretion of the boards of supervisors and the court has no authority to interfere with the administrative determinations of a board of supervisors with respect to the granting of county general relief in the absence of a clear showing of fraud or arbitrary or capricious conduct. (70 C.J.S. p. 23, § 11; 41 Am.Jur. p. 707, § 35; *In re Snyder,* 93 Wash. 59 [160 P. 12, 3 A.L.R. 1230].) ■ There is nothing in the record in this case which shows that the action of the Department of Public Welfare in discontinuing payment of relief to appellant for failure to report income from his sister was not reasonable and proper. Public officials are presumed to have performed their duty. (Code Civ. Proc., § 1963(15).)

■ No presumption of irregularity or failure to perform official duty may be indulged against municipal or public officers. (*Stuart Arms Co.* v. *San Francisco,* 203 Cal. 150, 152 [263 P. 218].)

■ Mandamus may not compel the exercise of such dis-. cretion in any particular manner. It may only direct that the officer act, and must leave the matter as to what action he will take to his determination. (*Bank of Italy* v. *Johnson,* 200 Cal. 1, 31 [251 P. 784].)

Mandamus will not lie to recover the claimed item of $157, under the theory it was allowable costs. (*Hunt* v. *State Board of Chiropractic Examiners,* 87 Cal.App.2d 98, 101 [196 P.2d 77].)

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 5, 1951.