[L. A. No. 22661. In Bank. Aug. 25, 1953.]

COUNTY OF LOS ANGELES, Respondent, v. DEPART-
MENT OF SOCIAL WELFARE et al., Appellants;
JOHN G. COZAD et al., Interveners and Appellants.

Edmund G. Brown, Attorney General, and Lee B. Stanton, Deputy Attorney General, for Defendants and Appellants.

Kenny & Morris and Eleanor V. Jackson for Interveners and Appellants.

Harold W. Kennedy, County Counsel, Gerald G. Kelly, Assistant County Counsel, and John B. Anson, Deputy County Counsel, for Respondent.

GIBSON, C. J.—Eleven persons who were receiving monthly payments of old age security or needy blind aid complained to the State Social Welfare Board that Los Angeles County was improperly treating such assistance as family income when computing the amount of county relief to be allowed to their indigent husbands or wives. As a result of this practice there was a reduction in the amount of county indigent relief allowed to the spouse of each of the 11 aged or blind persons. In every instance, however, the aged or blind person received monthly warrants for the maximum amount of aid provided by law.

After a hearing the state board ordered the county to discontinue the practice complained of and, in the event of noncompliance, directed the Department of Social Welfare to withhold from the county part of the state and federal funds to which the county would normally be entitled as reimbursement for the cost of aid to the aged and blind. The county, which had made a special appearance at the hearing for the sole purpose of contesting the jurisdiction of the board, did not apply for a rehearing. Thereafter the county commenced this mandate proceeding against the department and the board. The eleven persons who had complained to the board intervened in the proceeding.

The trial court concluded that the orders of the board purported to determine the eligibility for and the amount and type of relief to be paid by the county to applicants for indigent relief, that the county supervisors had exclusive jurisdiction to determine such matters, and that the action of the state board was void. A writ was issued requiring the board and the department to set aside the orders and to refrain from withholding state and federal funds due to the county. The department, the board and the interveners have appealed.

 A preliminary question is presented as to whether it was necessary for the county to apply for a rehearing before the board as a condition precedent to the maintenance of this proceeding. There are exceptions to the general rule requiring the exhaustion of administrative remedies, and if, as contended by the county, the state board lacked jurisdiction over the subject matter of the proceedings, it was not necessary for the county to seek a rehearing before the board. (See *Stockton* v. *Department of Employment,* 25 Cal.2d 264, 267 [153 P.2d 741]; *Bernstein* v. *Smutz,* 83 Cal.App.2d 108, 115 [188 P.2d 48]; *McPheeters* v. *Board of Medical Examiners,* 82 Cal.App.2d 709, 717 [187 P.2d 116]; *Ware* v. *Retirement Board,* 65 Cal.App.2d 781 [151 P.2d 549]; *People* v. *Keith Railway Equipment Co.,* 70 Cal.App.2d 339, 346 [161 P.2d 244]; *People* v. *West Pub. Co.,* 35 Cal.2d 80, 87 [216 P.2d 441].)

Appellants contend that the practice adopted by the county of treating old age security and needy blind payments as family income in determining the needs of an indigent spouse in effect required the aged or blind recipient of such aid to use part of it for the support of his spouse. They argue that this constituted an alienation of or an unlawful limitation on the recipient's use of the payments and resulted in a

diversion of state and federal funds appropriated for old age and blind assistance, and that, accordingly, the board had authority to order the county to discontinue the practice.

The Department of Social Welfare, of which the State Social Welfare Board is a component part, is charged with supervising the administration of old age security and needy blind assistance. (Welf. & Inst. Code, §§ 103.5, 103.6.) The cost of both types of aid is defrayed largely by federal and state funds, and the money appropriated for the maintenance and support of aged and blind persons must be used by the counties exclusively for such purpose. (Wel. & Inst. Code, §§ 114(a), 2021, 2186, 2187, 3025, 3026, 3087-3087.3.) Payments to the aged and needy blind are inalienable by assignment, sale, attachment or otherwise, and no person concerned with the administration of blind aid may dictate how an applicant may expend the money granted him. (Wel. & Inst. Code, §§ 2006, 3003, 3008.)

██ The counties alone are charged with the duty of furnishing relief to indigent residents who are not otherwise supported. (Welf. & Inst. Code, § 2500; *County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634 [122 P.2d 526].) No federal or state funds are provided for this purpose, and the counties are not required to grant any specific type of relief or to pay any specific amount of money. ██ The administration of county relief to indigents, as distinguished from old age security and needy blind assistance, is vested exclusively in the county supervisors who have discretion, without supervision by the state, to determine eligibility for, the type and amount of, and conditions to be attached to indigent relief. (*Patten* v. *County of San Diego*, 106 Cal.App.2d 467 [235 P.2d 217].)

The county practice of treating old age security and needy blind payments as family income was directed to a determination of the necessity for and the amount to be allowed as indigent relief, and, as we have seen, the county has exclusive power to make such a determination. Each of the eleven interveners admittedly received warrants for the maximum amount of old age or needy blind assistance provided by law and was paid the face value thereof. No conditions or limitations were placed by the county on such payments. ██ A recipient of old age security or blind assistance may use the money for the support of his spouse as well as himself if he so desires, and the use of a part of the money for the benefit

of his spouse does not constitute an alienation of the payment to him nor does it result in any diversion of federal or state funds. (*Cf. Board of Soc. Welfare* v. *County of Los Angeles,* 27 Cal.2d 81, 90 [162 P.2d 630]; *Board of Soc. Welfare* v. *County of Los Angeles,* 27 Cal.2d 98, 101 [162 P.2d 627].)

■ After the writ was issued in this proceeding statutory and constitutional amendments were adopted which provide that aid to a blind person is intended to meet his individual needs, is not for the benefit of any other person, and shall not be construed as income to anyone other than the blind recipient. (Welf. & Inst. Code, § 3003; Cal. Const., art. IV, § 22.) At the same legislative session in which the code section relating to blind aid was amended, a bill was introduced for the purpose of adding comparable language to the statutes providing for old age assistance, but it failed to pass. This indicates that the law in effect before the amendments did not prohibit the practice adopted by the county in determining the need for indigent relief, and obviously any change resulting from the amendments is applicable only to blind aid.* (See *People* v. *Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1]; *Nutter* v. *City of Santa Monica,* 74 Cal.App.2d 292, 303 [168 P.2d 741].)

■■ The Department of Social Welfare and the State Social Welfare Board had no power to supervise or control the administration of indigent relief and had no jurisdiction to consider complaints relating to the adequacy of indigent relief allowed by the county to the spouses of the interveners.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

---

*After the effective date of the amendments the county ceased treating blind aid as income to the family unit in determining the need for indigent relief to the spouse of a blind person.