[No. B003044. Second Dist., Div. Six. June 27, 1984.]

THORE EDGREN, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,
Defendants and Respondents.

**COUNSEL**

Elizabeth Baker for Plaintiff and Appellant.

Donald L. Reidhaar, Philip E. Spiekerman and Fred Takemiya for Defendants and Respondents.

**OPINION**

**STORCH, J.**\*—Plaintiff appeals from an order of the Santa Barbara Superior Court sustaining a demurrer to all causes of action without leave to amend. ■ This purported appeal is from a nonappealable order (*Kennedy* v. *Owen* (1948) 85 Cal.App.2d 517 [193 P.2d 141]; *Braren* v. *Reliable Carpet Works* (1932) 125 Cal.App. 489 [13 P.2d 972]) that should have been taken from the subsequent judgment of dismissal entered pursuant to the order. In the interest of judicial economy, we construe the appeal to have been taken from the judgment and thus treat the appeal on the merits.

*Assigned by the Chairperson of the Judicial Council.

(*Fundin* v. *Chicago Pneumatic Tool Co.* (1984) 152 Cal.App.3d 951, 954 [199 Cal.Rptr. 789].)

FACTS

Plaintiff, employed by defendant, the Regents of the University of California (hereafter Regents), for 26 years, had attained the position of principal architect when he was laid off effective September 30, 1982. He was informed orally on June 17, 1982, and in writing on June 24, 1982, by defendant Towne, assistant vice chancellor and director of facilities management, that his layoff was attributed to "budgetary reasons."

In accordance with the Regents' personnel policies and procedures, plaintiff filed a grievance on July 16, 1982, claiming that the Regents had not followed its own policies and procedures in determining that he had to be laid off in preference to others; and that the reason stated was incorrect, to wit, there were sufficient funds to continue his employment; that other employees, whose salaries and seniority were both greater and lesser than his, were performing his prior work; and finally that such actions were in violation of the personnel policies and procedures of the Regents. A grievance hearing started on November 23, 1982, approximately six weeks after plaintiff's effective layoff date. The hearing was held on November 23 and 24, 1982, and continued to January 24, 1983, at which time plaintiff declined to participate further, stating that he believed that he could not get a fair hearing because of the circumstances under which the hearing was being conducted.

On April 19, 1983, plaintiff filed a complaint for money damages. The complaint attempted to state four causes of action. In his first cause of action, plaintiff alleged that he requested a grievance hearing because defendant Regents failed to follow its personnel policies effectuating his layoff and that defendants Kroes and Towne, employees of Regents, testified falsely at the hearing and prevented him from obtaining documents and witnesses; thus denying him a fair hearing and due process, all of which resulted in a breach of his employment contract. The second cause of action alleges that his layoff and grievance hearing caused him emotional distress. The third cause of action alleges that the Regents were negligent in the hiring of respondents Kroes and Towne as demonstrated by their conduct with respect to the layoff and hearing, and the fourth cause of action is for alleged fraud in the implementation of the layoff and conduct of the grievance hearing.

Plaintiff alleged in all causes of action that he declined to participate further in the hearing because of the claimed denial of a fair hearing and

due process. Defendants interposed general demurrers to each cause of action of the complaint on the ground that plaintiff's refusal to "participate further" in his grievance hearing constituted a failure to exhaust administrative remedies. The trial court sustained defendants' demurrer as to all causes of action without leave to amend. A subsequent motion for reconsideration was denied.

The issue presented on this appeal is whether plaintiff's conceded failure to exhaust the available administrative remedy renders him unable, as a matter of law, to state a cause of action against defendants on any theory alleged in his complaint.

## DISCUSSION

■ It is well settled that "[j]udicial intervention is premature until the administrative agency has rendered a final decision on the merits. Before seeking judicial review a party must show that he has made a full presentation to the administrative agency upon all issues of the case and at all prescribed stages of the administrative proceedings. (*Fiscus* v. *Dept. Alcohol Bev. Control* [1957] 155 Cal.App.2d 234, 236 [317 P.2d 993]; *People* v. *Coit Ranch, Inc.* [1962] 204 Cal.App.2d 52, 58 [21 Cal.Rptr. 875].)" (*Bleeck* v. *State Board of Optometry* (1971) 18 Cal.App.3d 415, 432 [95 Cal.Rptr. 860], see also *United States* v. *Superior Court* (1941) 19 Cal.2d 189 [120 Cal.Rptr. 26].) The failure to exhaust administrative remedies will bar actions for damages, including tort claims. (*Westlake Community Hosp.* v. *Superior Court* (1976) 17 Cal.3d 465, 476-477 [137 Cal.Rptr. 90, 551 P.2d 410].)

■ There are exceptions to the exhaustion requirement. *Ogo Associates* v. *City of Torrance* (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761] describes the generally recognized exceptions as follows: "Yet the doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma. (*Hollon* v. *Pierce,* 257 Cal.App.2d 468, 476 [64 Cal.Rptr. 808].) It contains its own exceptions, as when the subject of the controversy lies outside the administrative agency's jurisdiction (*County of L.A.* v. *Dept. of Social Welfare,* 41 Cal.2d 455, 457, [260 P.2d 41]), when pursuit of an administrative remedy would result in irreparable harm (*Greenblatt* v. *Munro,* 161 Cal.App.2d 596, 605-607 [326 P.2d 929]; see *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 296-297 [109 P.2d 942, 132 A.L.R. 715]), when the administrative agency cannot grant an adequate remedy (*Endler* v. *Schutzbank,* 68 Cal.2d 162, 168 [65 Cal.Rptr. 297, 436 P.2d 297]; *Eye Dog Foundation* v. *State Board of Guide Dogs for the Blind,* 67 Cal.2d 536, 543-544 [63 Cal.Rptr. 21, 432 P.2d 717]), and when the aggrieved party can positively state what the administrative agency's decision in his partic-

ular case would be. (*Gantner & Mattern Co.* v. *California E. Com.*, 17 Cal.2d 314, 318 [109P.2d 932]. See also *Exhaustion of Administrative Remedies in California,* 56 Cal.L.Rev. 1061, 1068-1081.)"

■ Plaintiff argues that his case falls within the exception to the exhaustion requirement. Initially he claims that the subject of the controversy lies outside of the jurisdiction of Regent's administrative procedure because Regents personnel policy limits the remedy by its own terms to restoring the employee the pay, benefits or rights lost. He claims that this grievance procedure cannot compensate him for attorney's fees expended in pursuit of his grievance, damages for tortious conduct concurrent with the breach of employment, retirement program credits lost during the extended layoff from employment, financial losses outside of salary, such as costs expended to replace health insurance benefits not provided during the layoff, emotional distress caused by termination of his employment, etc.

We find this contention to be without merit. The lack of jurisdiction exception contemplates situations in which the agency lacks authority, statutory or otherwise, to resolve the underlying dispute between the parties. (E.g., *County of L. A.* v. *Dept. of Social Welfare* (1953) 41 Cal.2d 455, 457 [260 Cal.Rptr. 41]; *Rose* v. *City of Hayward* (1981) 126 Cal.App.3d 926 [179 Cal.Rptr. 287].) We know of no case, nor has plaintiff brought any to our attention, that stands for the asserted proposition that an agency lacks jurisdiction over the dispute out of which the claim for damages arises because it is limited in the damages it may award.

To the contrary, *Westlake Community Hosp.* v. *Superior Court, supra,* 17 Cal.3d 465, holds that the failure to exhaust administrative remedies will bar actions for damages, including tort claims. There the Supreme Court stated: "In the first place, even if a plaintiff no longer wishes to be either reinstated or admitted to the organization, an exhaustion of remedies requirement serves the salutory function of eliminating or mitigating damages. If an organization is given the opportunity quickly to determine through the operation of its internal procedures that it has committed error, it may be able to minimize, and sometimes eliminate, any monetary injury to the plaintiff by immediately reversing its initial decision and affording the aggrieved party all membership rights; . . . [¶] Moreover, by insisting upon exhaustion even in these circumstances, courts accord recognition to the 'expertise' of the organization's quasi-judicial tribunal, permitting it to adjudicate the merits of the plaintiff's claim in the first instance. . . . ■ ■
■ ■ Finally, even if the absence of an internal damage remedy makes ultimate resort to the courts inevitable (see *Developments in the Law-Private Associations* (1963) 76 Harv.L.Rev. 983, 1075), the prior administrative proceeding will still promote judicial efficiency by unearthing the relevant

evidence and by providing a record which the court may review. . . ." (*Id.*, at p. 476.)[1]

■ Plaintiff's contention that the exception of lack of jurisdiction is applicable here since the grievance policies do not provide for a "review of the adequacy of the grievance proceedings" is likewise unavailing. The obvious answer is judicial review pursuant to Code of Civil Procedure section 1094.5. (*Ishimatsu* v. *Regents of University of California* (1968) 266 Cal.App.2d 854, 862 [72 Cal.Rptr. 756].)

■ Plaintiff also argues that he would suffer irreparable harm if he is required to "participate in a meaningless ritual solely because it is denominated an administrative remedy." He contends that the evidence necessary to his case is in the hands of Regents, which has refused to provide it for the grievance record, and in the testimony of its employees, who have already testified falsely or refused to testify, all of which has made the decision of the hearing officer a foregone conclusion.

A similar contention was made in *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 301 [109 Cal.Rptr. 942], and rejected by the Supreme Court, quoting from *Red River Broadcasting Co.* v. *Federal C. Com.* (App. D.C. 1938) 98 F.2d 282: "Appellant seeks further to excuse its failure, affirmatively to seek administrative relief, by contending that, even if it had attempted to do so, its request would have been denied; consequently, that its attempt would have been a futile and useless gesture. We cannot assume that consequence. If, under such circumstances relief had been sought and denied, then there would have been basis for appeal. . . . It cannot be heard to complain in this court that there was danger of refusal when it made no effort to do so." The showing necessary to invoke the futility exception must be substantially stronger than that alleged herein. (See, e.g., *Ogo Associates* v. *City of Torrance, supra,* 37 Cal.App.3d 830; *Frisco Land & Mining Co.* v. *State of California* (1977) 74 Cal.App.3d 736 [141 Cal.Rptr. 820]; *Mountain View Chamber of Commerce* v. *City of Mountain View* (1978) 77 Cal.App.3d 82 [143 Cal.Rptr. 441]; *In re Serna* (1978) 76 Cal.App.3d 1010 [143 Cal.Rptr. 350].)

■ The doctrine of exhaustion of administrative remedies applies despite plaintiffs' asserted denial of procedural due process. (*Roth* v. *City of Los Angeles* (1975) 53 Cal.App.3d 679, 687 [126 Cal.Rptr. 163]; *City of San Mateo* v. *Hardy* (1944) 64 Cal.App.2d 794, 797 [149 P.2d 307].) Plaintiff's

---

[1]We note that Regents is a constitutionally created agency (Cal. Const., art. IX, § 9), deriving therefrom quasi-adjudicatory powers over personnel matters involving university employees. (*Mendoza* v. *Regents of University of California* (1978) 78 Cal.App.3d 168, 177 [144 Cal.Rptr. 117].)

reliance upon *Bank of America* v. *City of Long Beach* (1975) 50 Cal.App.3d 882 [124 Cal.Rptr. 256] in support of his due process argument is misplaced. In *City of Long Beach,* the city council denied a renewal of a license to operate an amusement game on the ground that the business constituted a game of chance. The city council refused to hear plaintiff's witnesses on the issue, although it accepted evidence and listened to the testimony of witnesses opposed to the license. In a proceeding in mandamus after a final and adverse decision by the city council, the court held that the denial of the opportunity to present any evidence whatsoever on the only issue before the council warranted remanding the matter to the council for further proceedings. Such was not the case here. Plaintiff obviously dissatisfied with the manner in which the proceedings had progressed, decided to no longer participate. Plaintiff has thus failed to complete the administrative hearing as well as the required mandamus review before filing his suit for damages. (*Logan* v. *Southern Cal. Rapid Transit Dist.* (1982) 136 Cal.App.3d 116 [185 Cal.Rptr. 878]; *Holder* v. *California Paralyzed Veterans Assn.* (1980) 114 Cal.App.3d 155 [170 Cal.Rptr. 455].)

Plaintiff's reliance on *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774] is also misplaced. Alleged delay in the hearing and alleged failure to follow personnel policies resulting in violations of preremoval due process rights do not excuse the failure to exhaust the administrative remedy where, as here, the allegations of the complaint fail to show that the grievance hearing machinery, if exhausted, would inevitably result in a denial of due process. (*Roth* v. *City of Los Angeles, supra,* 53 Cal.App.3d at p. 687.) Moreover, we note that plaintiff never requested a prelayoff hearing and the postlayoff grievance hearing was sufficiently prompt. (*Skelly* v. *State Personnel Bd., supra,* at p. 209.)

■ We conclude that plaintiff has failed to allege sufficient facts which bring any cause of action within the scope of any of the recognized exceptions to the requirement that he must exhaust his administrative remedies before pursuing an action for damages, whether based on contract or tort. It does not appear reasonably probable that amendment to his pleading can cure or excuse the requisite jurisdictional allegation. Accordingly, it was not an abuse of discretion to deny leave to amend.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied July 27, 1984.