Filed 3/27/15  Wheeler v. Trimble CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| REGINALD WHEELER, | F068696 |
| Plaintiff and Appellant, | (Super. Ct. No. 11CECG03585) |
| v. | |
| ROBERT TRIMBLE, | **OPINION** |
| Defendant and Respondent. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Debra J. Kazanjian, Judge.

Reginald Wheeler, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Julie A. Malone and Patricia Webber Heim, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

---

[*]      Before Hill, P. J., Cornell, J. and Gomes, J.

Petitioner, a prison inmate, seeks a writ of mandate compelling respondent, the prison warden, to have the disciplinary charges against him reheard due to an alleged procedural violation in the prior hearing process. The trial court sustained respondent's demurrer to the amended petition and petitioner appeals. We affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

The amended petition for writ of mandate, filed January 22, 2013, alleges petitioner was issued a CDC form 115, rules violation report (RVR).[1] Apparently, the administrative hearing officer found him guilty of the charge. The RVR was ordered reissued and reheard due to investigative employee error. The subsequent decision from the second level administrative appeal, which is attached to the petition, indicates a rehearing took place on May 4, 2009, and petitioner appeared and pled not guilty. The hearing officer found petitioner guilty. The decision from the second level review, however, found a due process violation had been made: petitioner had not been timely served with the rewritten RVR. Because of the error, the second level decision concluded the finding of guilt could stand, but the forfeiture of conduct credits could not be imposed.

The decision from the next level of appeal, the director's level, denied petitioner's appeal. It concurred with the second level decision that the evidence the hearing officer relied on was sufficient to sustain a finding of guilt. It rejected petitioner's assignments of error. The decision concluded: "As the appellant has not provided persuasive evidence that he is innocent of the charge or that due process was unfulfilled in the finding of guilt, relief at the [director's level of review] is not warranted."

---

**1** The original petition alleges petitioner was an inmate with the Department of Corrections and Rehabilitation (CDC) at Pleasant Valley State Prison at the time.

2

In his amended petition, petitioner alleged section 3084.5, subdivision (h)(2)(A) of title 15 of the Code of Regulations,[2] mandated that, in the event of a due process or procedural violation in the disciplinary proceedings, prison officials had only two options available to remedy the violation: dismiss the charges or order a rehearing. Prison personnel did not adopt either of those options. Petitioner sought a writ of mandate, compelling the prison to carry out what he contends to be the mandated remedy and rehear the matter.

Respondent demurred to the amended petition, asserting petitioner was not entitled to the requested writ of mandate because respondent had no ministerial duty to dismiss or rehear the charges and petitioner did not demonstrate he had no plain, speedy, and adequate remedy in the ordinary course of law. The trial court sustained respondent's demurrer to the amended petition. It concluded habeas corpus was the appropriate remedy for petitioner to pursue, but mislabeling his petition as one seeking mandate was not fatal to his claim, if the petition was otherwise meritorious. The petition was not meritorious, however, because it was based on an outdated version of the Code of Regulations. The currently applicable regulation did not contain the language petitioner cited as requiring reissuance and rehearing of the RVR. Petitioner appeals from the judgment dismissing his writ petition.

## DISCUSSION

### I. Standard of Review

"A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion. Therefore, an appellate court employs two separate standards of review on appeal. [Citations.] First, the complaint is reviewed de

---

**2** Although petitioner repeatedly refers to the section as "section 3084.6, subdivision (h)(2)(A)," it is clear from the copies of the regulation attached to his original and amended petitions that he is actually relying on section 3084.5, former subdivision (h)(2)(A).

novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] In doing so, we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may be properly judicially noticed. Reversible error exists only if facts were alleged showing entitlement to relief under any possible legal theory. [Citations.] [¶] Second, where the demurrer is sustained without leave to amend, reviewing courts determine whether the trial court abused its discretion in doing so. [Citations.] On review of the trial court's refusal to grant leave to amend, we will only reverse for abuse of discretion if we determine there is a reasonable possibility the pleading can be cured by amendment. Otherwise, the trial court's decision will be affirmed for lack of abuse. [Citations.]" (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497-1498.)

## II. Petition for Writ of Mandate

"Mandate will lie to compel performance of a clear, present and usually ministerial duty in cases where a petitioner has a clear, present and beneficial right to performance of that duty. [Citation.]" (*County of Del Norte v. City of Crescent City* (1999) 71 Cal.App.4th 965, 972.) It "'will not lie to control discretion within the area lawfully entrusted to the administrative agency.' [Citation.]" (*Hilton v. Board of Supervisors* (1970) 7 Cal.App.3d 708, 713.) Mandate "may only direct that the officer act, and must leave the matter as to what action he will take to his determination. [Citation.]" (*Patten v. County of San Diego* (1951) 106 Cal.App.2d 467, 470.) Generally, a writ of mandate will not be issued if another remedy is available to the petitioner. (*Phelan v. Superior Court* (1950) 35 Cal.2d 363, 366.)

Petitioner's writ petition is based on the allegation that, having concluded there was a due process or procedural error in the proceedings, respondent was required by regulation to have the matter reheard. Petitioner relied on section 3084.5, former subdivision (h)(2)(A), of Title 15 of the Code of Regulations (2009), as that section

4

existed at the time of the alleged disciplinary violation and the hearing. At that time, the regulation provided:

> "(h) Disciplinary appeals. When procedural or due process requirements provided inmates in disciplinary proceedings have been violated, one of the following remedies shall be considered:

> "(1) The original disposition shall be vacated and the charges dismissed if the reviewer determines that the 'findings of the disciplinary hearing were not supported by the evidence presented at the hearing and any of the following circumstances are evident: [¶] … [¶]

> "(2) The original disposition shall be vacated and a new hearing ordered if the reviewer determines that any of the following requirements were not met:

> "(A) The accused was not given copies of required documents within specified time limits before the hearing and did not waive the time limits.…" (Cal. Code Regs., tit. 15, § 3084.5, former subd. (h).)

This provision does not impose on respondent a mandatory duty to have the matter reheard in the event of a procedural violation. Rather, it requires that, in the event of a procedural violation, the remedies set out in former subdivision (h) be "considered." There is no allegation respondent failed to consider these remedies. If they were considered and rejected, a writ of mandate may not be used to control that exercise of discretion. The petition does not adequately allege a claim for a writ of mandate to compel respondent to perform a mandatory or ministerial duty. Accordingly, the demurrer was properly sustained.

## III. Writ of Habeas Corpus

The trial court found the appropriate remedy for the wrong claimed by petitioner was not a writ of mandate, but a writ of habeas corpus. It concluded "a petition for extraordinary writ that mislabels the remedy will not be denied if the petition is otherwise meritorious." Construing petitioner's petition as one for a writ of habeas corpus, the trial court concluded the demurrer should be sustained because the petition was not

5

meritorious as a petition for habeas corpus; it relied on an outdated version of the regulation and the current version did not mandate the remedy petitioner sought. Petitioner challenges the trial court's decision, asserting the regulation in effect at the time of the hearing of the charges against him applied to determine the appropriate remedy for a procedural violation in the hearing process.

"'No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' [Citation.]" (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19.)

Even if the trial court erred in concluding the version of the regulation in effect in 2009, when the matter was heard by the hearing officer, was outdated and should not be applied, the result was correct. "'The writ of habeas corpus may be sought by one lawfully in custody for the purpose of vindicating rights to which he is entitled even in confinement. [Citation.]' [Citation.]" (*In re Harrell* (1970) 2 Cal.3d 675, 682.) The facts set out in the petition failed to allege a denial of petitioner's rights.

The only wrong petitioner alleges was respondent's choice of remedy for a procedural violation. Petitioner challenges only the refusal to have the charges alleged against him in the RVR reheard a second time, based on the late delivery to him of the reissued RVR for the first rehearing. He relies solely on the regulation discussed previously, which does not mandate rehearing. Petitioner has not alleged any other violation of his rights.

We note that what the second level review decision and petitioner refer to as a "due process violation" in the prior proceedings does not actually constitute a due process violation. An agency's violation of its own procedures does not necessarily amount to a

6

denial of due process. (*Tyler v. Children's Home Society* (1994) 29 Cal.App.4th 511, 546.) Due process fundamentally requires adequate notice and an opportunity to be heard. (*Laupheimer v. State of California* (1988) 200 Cal.App.3d 440, 451.) The second level and director's level decisions in the record indicate that, when the RVR was ordered reheard due to investigative employee error, the rewritten RVR was not delivered to petitioner within 15 days, as required by the regulations. (See Cal. Code Regs., tit. 15, § 3320.) The RVR was, however, received by petitioner on April 22, 2009; the matter was reheard on May 4, 2009, and petitioner appeared in his defense.

The petition does not allege petitioner had insufficient notice of the charges against him or insufficient time to prepare for the hearing. It does not allege that he objected to the late notice at the time of the hearing or that it affected the outcome of the hearing. Petitioner has not alleged there was any unfairness or violation of his rights in the hearing procedures. He has not challenged the validity of the finding of guilt. Consequently, petitioner has not adequately alleged a claim for relief by way of a writ of habeas corpus.

IV.    **Leave to Amend**

Denial of leave to amend is an abuse of discretion if there is a reasonable possibility the pleading could be cured by amendment. (*Lee v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, 854.) The burden is on petitioner to demonstrate that his pleading can be amended to state a cause of action; it is not up to the court to determine how the pleading can be amended. (*Ibid*.)

Petitioner has not argued or demonstrated that the petition can be amended to state a valid claim. Accordingly, he has not established any abuse of discretion in the trial court's denial of leave to amend.

### *DISPOSITION*

The judgment is affirmed. Respondent is entitled to his costs on appeal.

7